IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| MANUEL ROLDAN, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| *Plaintiff*, | )<br>) Case No.: 3:20-cv-00276 |
| v. | )<br>) Collective and Class Action |
| BLAND LANDSCAPING COMPANY, INC., | ) **COMPLAINT**<br>) |
| *Defendant*. | )<br>)<br>) |

COMES NOW, Manuel Roldan ("Named Plaintiff"), on behalf of himself and all others similarly situated by and through undersigned counsel, hereby sets forth this collective/class action or violation of the Fair Labor Standards Act under § 216(b), and a representative action under the North Carolina Wage and Hour Act pursuant to Fed. R. Civ. P. 23, against Defendant Bland Landscaping Company, Inc. ("Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1. Named Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq.*, for unpaid overtime compensation, unpaid wages, and related penalties and damages.

2. Named and Putative Plaintiffs consist of current and former foremen (collectively "Plaintiffs" or "Foremen") working for Defendant. Defendant has a policy, pattern, or practice of failing to pay salaried non-exempt employees for all hours worked at the appropriate hourly rate, including the overtime premium rate, failing to pay employees all earned, promised and accrued

wages, maintaining improper records, and subjecting Plaintiffs to unauthorized deductions from wages. In particular, throughout the relevant period, Defendant has maintained a corporate policy of improperly calculating Plaintiffs regular hourly rates pursuant to a Fluctuating Work Week ("FWW") methodology, which fails to compensate Plaintiffs for all hours worked, and takes unauthorized deductions from employees' wages for uniform services.

3. Defendant's pay practices and policies are in direct violation of the FLSA and the NCWHA; and therefore, Named Plaintiff, on behalf of himself and all others similarly situated, seeks promised wages and overtime premiums for hours worked, suffered, or permitted by Defendant, liquidated damages and/or other damages as permitted by applicable law; attorneys' fees, costs and expenses incurred in this action.

4. Plaintiffs bring this action for violation of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class:

> All individuals who were, are, or will be employed by Defendant as Foremen, at any time within the three (3) year period prior to the date of the commencement of this action, through the present, and who did not receive compensation for all hours worked, at the appropriate rate, including one- and one-half times their regular rate for all hours worked over forty (40) in a week.

5. Defendant is liable for its failure to pay Plaintiffs for all work performed, and at the appropriate overtime rate for hours worked in excess of forty (40) per week.

6. Named and Putative Plaintiffs who elect to participate in this FLSA collective action seek compensation for work performed for Defendant, compensation at the appropriate regular rate for all hours worked up to forty (40) per week and the appropriate overtime rate for all hours worked in excess of forty (40) per week, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

7. This action is also brought individually and as a class action against Defendant for

2

failing to compensate Plaintiffs all owed, earned, and/or promised wages, on their regular pay date, and for taking unauthorized deductions, in direct contravention of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq*.

8. Named Plaintiff also bring this action, on his own behalf, and as a representative of similarly situated current, former or future Foremen, employed by Defendant in North Carolina, under the NCWHA. Named Plaintiff, who is a North Carolina resident and who works for Defendant in North Carolina, asserts that he and the putative class, who work or worked in North Carolina for Defendant, are entitled to compensation for all work performed for Defendant, whether the workweek totaled greater or fewer than forty (40) hours, at the appropriate regular rate for all hours worked up to forty (40) per week and overtime rate for all hours worked in excess of forty (40) per week, compensation for all unauthorized deductions from their wages, for an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to N.C. Gen. Stat. §§ 95-25.6, 95-25.22(a), (a1), and (d).

9. Named Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of Defendant's employees in North Carolina:

> All individuals who were, are, or will be employed by Defendant as Foremen, at any time within the two (2) year period prior to the date of the commencement of this action, through the present, and who did not receive compensation for all hours worked, at the promised rates, including one- and one-half times their regular rate for all hours worked over forty (40) in a week and/or who were subject to a "uniform service" deduction or other wage deduction not specifically permitted by law or authorized in writing by the employee.

10. Defendant's pay practices and policies were in direct violation of the FLSA and the NCWHA. Accordingly, Named Plaintiff, on behalf of himself and all others similarly situated, seeks unpaid overtime compensation and unpaid owed, earned, and/or promised wages, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages

permitted by applicable law.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

12. The United States District Court for the Western District of North Carolina has jurisdiction because Defendant conducts business in all areas of the state, including, but not limited to Mecklenburg County, North Carolina, which is located within this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducted business within all districts of North Carolina, and the substantial part of the events or omissions giving rise to these claims occurred in this District.

14. According to its website, Defendant hires employees "across North Carolina" and specifically provides services in the "Greater Charlotte Metro Area," identifying the following locations within this district: Mathews, Huntersville, and Charlotte, North Carolina.

15. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state claims under the NCWHA because the state law claims arise out of the same nucleus of operative facts as the FLSA claims.

16. The claims for violations of the NCWHA are based upon the statutory law of the State of North Carolina.

17. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

18. The evidence establishing liability for both causes of action will be similar, and the state law claims will not predominate nor create confusion for a jury.

## PARTIES

19. Named Plaintiff is an adult resident of the State of North Carolina, residing at 125

Bass Lake Road, Holly Springs, North Carolina 27540.

20. Named Plaintiff is presently employed by Defendant as a Foreman at Defendant's Apex location, paid pursuant to Defendant's FWW policy and has held that position since approximately July 2019.

21. Defendant is a regional landscaping company established in 1976 and domestic Limited Liability Company registered in the State of North Carolina since 2017, with its principal place of business in North Carolina, located at 1200 Perry Road, Apex, North Carolina 27502.

22. According to their website, Defendant provides comprehensive commercial landscape and grounds management services in all major markets throughout the greater Triangle, Charlotte, and Triad regions of North Carolina, and proclaims to be one of the leading full-service providers for high-end residential estate and commercial landscaping in North Carolina.

23. Upon information and belief, at all relevant times, Defendant employs more than 400 employees, of which approximately 200 are compensated pursuant to an invalid FWW computation.

## **COVERAGE**

24. At all times material to this action, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Named and Putative Plaintiffs.

25. At all times material to this action, Defendant was an employer within the defined scope of the FLSA, 29 U.S.C. § 203(d).

26. At all times material to this action, Named and Putative Plaintiffs were individual employees within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

27. At all times material to this action, Defendant was an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose, as defined by the FLSA, 29 U.S.C. § 203(r).

28. At all times material to this action, Defendant was an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

29. Defendant provides landscape design, installation, and management services for commercial, multi-family, homeowners associations, industrial, and institutional properties as well as residential estate gardening.

30. Defendant services clients throughout North Carolina and maintains office locations in Apex, Chapel Hill, Durham, Matthews, Southport, and Wake Forest, North Carolina.

31. Named Plaintiff began working for Defendant in July 2019 as a Foreman in Training. After sixty (60) days of training, Named Plaintiff transitioned to the role of a full-time Foreman.

32. As full-time Foremen, Plaintiffs duties include acting as a "team lead" while servicing four (4) to six (6) commercial properties per shift, including performing detail work such as evaluating tree and flower health and assisting with the general landscaping needs on each project site, such as mowing, raking, digging, and weeding of landscapes.

33. As Foremen, Plaintiffs are also responsible for arriving to work thirty (30) minutes prior to the laborers' arrival in order to receive the schedule for the day from supervisors, who advise Foremen of the scope of work needed at each project site; loading the work truck with equipment; clocking in laborers when they arrive; and delegating the various tasks to themselves and the team of laborers once they arrive to a job site.

34. Plaintiffs are not responsible for making schedules for themselves or the laborers.

35. At the end of each shift, Plaintiffs return the company truck to Defendant's office, fill up gas tanks, remove debris and garbage from trucks, clock out laborers, unload equipment from the truck, and report any incidents to a production supervisor.

36. Plaintiffs are not responsible for hiring or firing laborers, disciplining laborers, or setting the rates of pay for laborers.

37. Plaintiffs track their hours worked using an app called "Boss Mobile," beginning from their initial arrival to the company office and ending after returning to the office, unloading equipment, and finishing the other end-of-shift tasks as needed.

38. During the fall and winter seasons, Plaintiffs are typically scheduled to work from 6:00 A.M. to 3:30 P.M., with a one-hour lunch break, Monday through Friday.

39. During the spring and summer seasons, Plaintiffs are typically scheduled to work from 6:00 A.M. to 5:00 or 6:00 P.M., with a one-hour lunch break, Monday through Friday.

40. While Plaintiffs are scheduled to receive a full one-hour lunch break, Plaintiffs typically remains on the job site in order to be available should the laborers need assistance with landscaping. When Plaintiffs are not assisting and directing laborers during their lunch breaks, Plaintiffs return phone calls to clients and Defendant's main office as well as reviews the daily schedule prepared by supervisors. Plaintiffs are only able to take a full, uninterrupted lunch break approximately twice a week.

41. Regardless of whether Plaintiffs are able to take an uninterrupted lunch break, Defendant deducts one hour from Plaintiffs' total hours worked each shift.

42. From early May to the beginning of Winter, also known as the "flowering season," Plaintiffs are scheduled to work Saturdays approximately three times a month.

43. For example, from January to May, Named and Putative Plaintiffs typically work at least forty-two (42) hours a week. Plaintiffs have similar schedules, given the change in seasons, as landscaping work increases or decreases.

44. From May to September and due to the increase in work, Named and Putative Plaintiffs typically work at least fifty (50) to sixty (60) hours a week.

45. From September to January and due to the decrease in work, Named and Putative Plaintiffs typically work at least thirty-seven (37) to forty-two (42) hours a week.

46. Defendant guaranteed Named and Putative Plaintiffs a base salary that would be paid each week, regardless of the number of hours worked.

47. However, during short weeks, when Plaintiffs work less than forty (40) hours due to a decrease in work, rather than compensating Plaintiffs pursuant to a fixed salary for all hours worked, irrespective of how few hours Plaintiffs work, Defendant does not pay them a full salary. Defendant divides Plaintiffs' respective salary by 40 hours per week, to determine the hourly rate and then compensates Plaintiffs an hourly rate multiplied by the hours worked less than 40 in one week.

48. During weeks when Plaintiffs work more than forty (40) hours per week, Defendant pays half-time for any hours worked over forty (40) that week. To calculate the half-time rate, Defendant divides Plaintiffs' weekly "salary" by the total number of hours worked that week and then halves the quotient. Defendant then multiplies that half-time rate by the hours of overtime.

49. In other words, for weeks when Plaintiffs work less than 40 hours per week, they are treated and paid as hourly employees, but for weeks when Plaintiffs work in excess of 40 hours per week, they are only paid half-time for hours worked in excess of 40 per week, not time and one-half.

50. For example, during a week in October 2019 when Named Plaintiff worked 55.57 hours, Defendants compensated Plaintiff $826.57, the sum of Named Plaintiff's regular wages calculated based on a reduced hourly rate of $13.05 and overtime compensation calculated at a half-time rate of $6.52 multiplied by 15.57 hours. For work performed during this week, Named Plaintiff is owed at least $321.42 because Defendant should have compensated Named and putative Plaintiffs time and one-half for all hours over 40, not at a half-time basis.

51. By contrast, during weeks when Plaintiffs work less than forty (40) hours per week, Defendant calculates Plaintiffs' rate of pay by dividing Plaintiffs' weekly salary by forty (40) hours to come up with their hourly rate and then reduces their weekly salary to reflect the hourly rate multiplied by the weekly number of hours worked per week, usually less than 40 hours.

52. For example, during a week in November 2019, when Named Plaintiff worked 35.14 hours, Defendant compensated Named Plaintiff $636.74 and not his base salary of $725. To reach this reduced weekly compensation amount, Defendant divided Named Plaintiff's weekly salary $725.00 by 40 hours per week, which then gives them an hourly rate to multiply for hours worked less than 40 per week.

53. During weeks where Plaintiffs work less than forty (40) hours a week, Defendant treats Plaintiffs as hourly employees.

54. In other words, because Plaintiffs are not bona fide salaried employees, they should be paid time and one-half for hours over 40 per week. Bottom line, Defendant only uses the FWW methodology to circumvent paying Plaintiffs their appropriate rate for hours over 40 per week.

55. Additionally, when Plaintiffs are absent from work after only shortly beginning their employment, so they have not been there long enough to have accumulated any vacation or paid time off ("PTO"), Defendant deducts a full-day's salary from Plaintiffs' wages. Moreover,

unless Plaintiffs' "short" days are due to the weather or other circumstances that are excused by Defendant, if Plaintiffs come in late or leave early, Defendant docks Plaintiffs by reducing their pay for such short days.

56. Plaintiffs regularly complained to Defendant about their unlawful pay practices.

57. When Named Plaintiff questioned his supervisor about receiving less than his base salary, the supervisor could not answer Named Plaintiff's questions and instructed him to discuss the issue with Human Resources. When Named Plaintiff raised the issue with Human Resources, Human Resources was not able to provide a clear explanation on calculations or a policy but rather blamed "absences."

58. In addition to improperly calculating Plaintiffs' wages for hours over 40 per week, Defendant also requires Plaintiffs to suffer a "uniform services" deduction each pay period, regardless of whether Plaintiffs utilize the uniform services offered. The amount deducted is approximately $3.14 per pay period.

59. Defendant did not obtain written authorization to deduct the "uniform services."

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

60. Named Plaintiff brings the First Count of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all similarly situated employees.

61. Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who were, are, or will be employed by Defendant as a Foreman, at any time within the three (3) year period prior to the date of the commencement of this action, through the present, and who did not receive compensation for all hours worked at the appropriate hourly rate, including one- and one-half times their regular rate for all hours worked over forty (40) in a week.

62. The members of the proposed collective action, like Named Plaintiff, are employed as Foremen, have substantially similar job requirements and pay provisions, and are subject to

common practices, policies, or plans that fail to compensate them for all work performed at the appropriate rate.

63. There are numerous (in excess of 100) similarly situated current and former Foremen that fall within the scope of the aforementioned FLSA class.

64. The members of the proposed collective action are known to Defendant, are readily identifiable, and may be located through Defendant's records.

65. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Named and putative Plaintiffs.

66. Members of the proposed FLSA class, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

67. Pursuant to 29 U.S.C. § 216(b), attached to and filed with the instant Complaint as Exhibit A, is a Consent to File Suit as Plaintiff executed by Named Plaintiff. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

68. Named Plaintiff requests that he be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## NCWHA CLASS ACTION ALLEGATIONS

69. Plaintiff brings the Second Cause of Action of the instant Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated employees, for relief to redress and remedy Defendant's violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, et seq.

70. <u>Numerosity</u>: The proposed class is so numerous that joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class comprises more than 100 individuals.

71. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all putative class members have been harmed by Defendant's failure to lawfully compensate them. The common questions of law and fact include, but are not limited to, the following:

    a. Whether Plaintiffs were misclassified as *bona fide* salaried employees;

    b. If Plaintiffs were, in fact, hourly employees, did Defendant pay them all of their earned, promised, straight, and/or overtime wages as required by the NCWHA on their regular pay date;

    c. Whether Defendant provided any advance written notice of the intent to make wage deductions for "uniform services" in the manner required by the NCWHA; and

    d. If Defendant did provide employees with any form of written notice of its intent to make wage deductions, whether the content of that notice complied with the technical requirements of the NCWHA.

72. <u>Typicality</u>: The claims of Plaintiff are typical of the claims which could be alleged by any member of the putative Class, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All putative class members were subject to the same compensation practices of Defendant, as alleged herein, of failing to pay Plaintiffs and putative class members for all hours worked at the promised hourly rate, as well as suffering the same unauthorized wage deductions. Defendant's compensation policies and practices affected

all putative class members similarly, and Defendant benefited from the same type of unfair and/or unlawful acts as to each putative class member. Plaintiffs and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

73. <u>Adequacy of Representation</u>: Plaintiff is able to fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

74. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which

they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

75. <u>Public Policy Considerations</u>: Defendant violated the NCWHA. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

76. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed class.

## COUNT ONE
### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 207
### (Failure to Pay Proper Overtime Wages)
### Brought by Plaintiff on Behalf of Himself and All Similarly Situated Employees

77. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

78. The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). The FLSA defines "employ" broadly, to cover anyone who is "suffer[ed] or permit[ted] to work." 29 U.S.C. § 203(g).

79. Pursuant to the FLSA, 29 U.S.C. § 207, employers must pay non-exempt employees at a rate of one and one-half (1.5) times their regular rate of pay, for all hours worked over forty (40) in a single workweek.

80. At all relevant times, Named and Putative Plaintiffs were and are non-exempt,

14
Case 3:20-cv-00276-RJC-DSC   Document 1   Filed 05/13/20   Page 14 of 20

covered employees pursuant to the FLSA.

81. Moreover, Defendant failed to properly implement the fluctuating workweek formula, as allowed under 29 CFR § 778.114, to Named and Putative Plaintiffs, as they receive less than the weekly salary set by Defendant during weeks where Plaintiffs work less than forty (40) hours.

82. Named and Putative Plaintiffs routinely work through their lunch breaks, as known to and required by Defendant, and rarely receive a bona fide lunch break during a shift. Named and Putative Plaintiffs do not receive any compensation for the work performed during lunch breaks.

83. Defendant's practice of using different compensation calculations always results in lower wages to Named and Putative Plaintiffs, to the benefit of Defendant.

84. As a result of improperly calculating Named and Putative Plaintiffs' compensation using the fluctuating workweek formula, Defendant failed to compensate Named and Putative Plaintiffs the appropriate hourly rate for all hours worked, in violation of 29 U.S.C. § 207.

85. Named and Putative Plaintiffs are entitled to back wages at a rate of at least one and one-half (1.5) times their regular rate of pay.

86. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), permitting the recovery of unpaid minimum wages for up to three (3) years, rather than two (2) years.

87. At all relevant times, Defendant, pursuant to their policies and practices, willfully failed and refused to pay for all hours worked to Plaintiffs at the proper hourly rate.

88. Defendant's failure to pay Plaintiffs for all hours worked at the appropriate overtime rate for hours worked in excess of forty (40) per week, in weeks where Plaintiffs worked

15
Case 3:20-cv-00276-RJC-DSC   Document 1   Filed 05/13/20   Page 15 of 20

over 40 hours, despite the fact that, upon information and belief, Defendant knew of its obligations under the law, entitles Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b), since Defendant cannot show they acted in good faith, and a three (3) year, rather than two (2) year statute of limitations, since Defendant's acts constitute willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

89. As a result of Defendant's unlawful acts, Named and putative Plaintiffs have been deprived of compensation for all required hours worked, and appropriate compensation for all hours worked, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

90. Named and putative plaintiffs each worked more than forty (40) hours in one or more workweeks within the applicable statutory period.

## COUNT TWO
**Violation of the North Carolina Wage and Hour Act**
**N.C. Gen. Stat. § 95-25.6**
**Brought by Plaintiff on Behalf of Himself and All Similarly Situated Employees**

91. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

92. The class period for this cause of action is at least two years from the date of the filing of the instant Complaint.

93. At all relevant times, Defendant has employed, and/or continues to employ, Named and Putative Plaintiffs within the meaning of the NCWHA.

94. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.6, it is unlawful for an employer to "suffer or permit" an employee to work without paying all owed, earned, and promised wages, on the employee's regular payday.

95. Additionally, North Carolina law requires every employer to notify employees of

the promised wages and the day of payment as well as making available a written version of the employment practices and policies regarding promised wages. *See* N.C. Gen. Stat. § 95-25.13(1)-(2). Defendant's handbook promises to pay hourly employees time and one-half for hours over 40, but yet did not pay Plaintiffs according pursuant to the promises contained in the handbook.

96. Pursuant to the NCWHA, N.C. Gen. Stat. §§ 95-25.13 and 95-25.6, Defendant was required to pay Named Plaintiff and putative class members all wages, when due, for all promised earned and accrued regular, straight, and overtime wages of one and one-half times the promised wage rate, which is a part of all the employees' accrued and earned wages, and which should have been paid when due on the employees' regular payday; this requirement is not covered by the overtime provision under the FLSA.

97. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8, it is unlawful for an employer to withhold any portion of an employee's wages without the employee's advance written authorization, including the amount and reason for the deduction. If the amount is not available when the employee signs the authorization, the employer must receive advance written notice of the exact amount and of the right to withdraw the authorization.

98. Defendant intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and putative class members in violation of the NCWHA.

99. Defendant was aware that Named Plaintiff and putative class members were not receiving all straight-time wages for all hours worked up to forty (40) and overtime wages for hours worked in excess of forty (40) per week per week pursuant to the promised straight-time rate and corresponding premium overtime rate.

100. Defendant's daily schedules require Named Plaintiff and putative class members to work through lunch breaks in order to timely more from one project site to the next before the end

17

of the day.

101. Defendant maintains a policy of automatically deducting one-hour from Plaintiff's hours worked to account for the lunch break despite having knowledge of Named Plaintiff working during lunch breaks.

102. Defendant employs Named Plaintiff and putative class members within the State of North Carolina.

103. At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay Plaintiff all owed, earned, and promised wages, including for work performed by Plaintiff during his lunch breaks, and at the appropriate rate that Plaintiffs are lawfully entitled to for hours worked up to forty (40) in a single workweek as well as hour worked in excess of forty (40) in a single workweek.

104. At all relevant times, Defendant, pursuant to its policies and practices, deducted a portion of Foremen's wages for "uniform services" without receiving the required advance written authorization and without providing advance written notice of the amount to be deducted.

105. Consistent with the above, Defendant's failure to pay Named Plaintiff and putative class members all owed, earned, and promised wages was in violation of N.C. Gen. Stat. § 95-25.6.

106. As a result of Defendant's unlawful policies and practices, Named Plaintiff and putative class members have been deprived of compensation due and owing.

107. Defendant's failure to pay Named Plaintiff and putative class members all owed, earned, and promised wages, despite the fact that, upon information and belief, Defendant knew of its obligations under the law, entitles Named Plaintiff and putative class members to liquidated damages in an amount equal to the amount of unpaid wages, under N.C. Gen. Stat. § 95-25.22(a1).

18

Case 3:20-cv-00276-RJC-DSC   Document 1   Filed 05/13/20   Page 18 of 20

108. As a result of Defendant's unlawful acts, Named Plaintiff and putative class members have been deprived of all compensation due under the law, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to N.C. Gen. Stat. §§ 95-25.13, 95-25.6, 95-25.22(a), (a1), and (d).

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of himself and all those similarly situated, prays that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Named Plaintiffs as representatives of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the NCWHA, and designate Named Plaintiffs as representatives on behalf of all those similarly situated under the NCWHA class;

3. Award Plaintiffs and all those similarly situated actual damages for all unpaid wages found due, and liquidated damages equal in amount, as provided by the FLSA, 29 U.S.C. § 216(b), and pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.22(a1);

4. Award Plaintiffs and all those similarly situated pre- and post-judgment interest at the statutory rate, as provided by the FLSA, 29 U.S.C. § 216(b), and pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.22(a);

5. Award Plaintiffs and all those similarly situated attorney's fees, costs, and disbursements as provided by FLSA, 29 U.S.C. § 216(b), and pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.22(d); and

6. Grant such further legal and equitable relief as the Court deems necessary and proper in the public interest.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, May 13, 2020.

*/s/ Gilda Adriana Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Charlotte Smith (NCSB No. 53616)
Robert W.T. Tucci (NCSB No. 55014)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Phone: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
csmith@gildahernandezlaw.com
rtucci@gildahernandezlaw.com

*Attorneys for Plaintiff*