IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CA No.: 3:20-cv-00276-RJC-DSC

| | | |
|---|---|---|
| MANUEL ROLDAN, on behalf of himself and all others similarly situated, | ) ) ) | |
| *Plaintiff,* | ) ) | **CERTIFICATION AND REPORT OF F.R.C.P. 26(f) CONFERENCE AND DISCOVERY PLAN** |
| v. | ) ) ) | |
| BLAND LANDSCAPING COMPANY, INC., | ) ) ) | |
| *Defendant.* | ) ) ) | |

**Complaint Filed**: May 13, 2020

**Complaint Served**: May 29, 2020

**Defendant's Appearance:** July 9, 2020

**Defendant's Answer:** July 9, 2020

**1.** **Certification of Conference.** Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.1(a), the Initial Attorneys' Conference was held on July 24, 2020, by telephone and was attended by Gilda A. Hernandez and Charlotte Smith for Plaintiffs, and Debbie Durban and Matthew A. Abee for Defendant.

**2.** **Pre-Discovery Disclosures.** Parties will serve Rule 26(a)(1) disclosures within thirty (30) days from the date the Court enters its Case Management Order.

**3.** **Discovery Plan.** The parties propose to the Court the following discovery plan:

The parties believe that in the interest of fairness, efficiency, and judicial economy, and to further facilitate the possibility of settlement, a bifurcated discovery schedule would most benefit the Court and the parties.

The parties believe that the initial resolution of the issue of whether this case is appropriate for collective and/or class treatment will greatly affect the parties' views and proposals on the final discovery plan. As such, the parties propose that discovery in this case be bifurcated as follows:

- **Phase I "Pre-Certification" Discovery:** Phase I discovery should be limited to the factual circumstances underlying a potential motion for class certification on Plaintiff's state claims under the North Carolina Wage and Hour Act ("NCWHA"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, and Plaintiff's federal claims under the Fair Labor Standards Act's ("FLSA") collective action provisions;

- Depositions of expert witnesses, if any, will take place in Phase II;

- The parties propose that Phase I pre-certification discovery be completed within one-hundred and twenty (120) days from the date the Court enters its Case Management Order and no later than December 4, 2020.

- **Phase II "Merits" Discovery:** Upon the Court's ruling on Plaintiff's motion for conditional and/or class certification, the parties propose that they meet and confer, within thirty (30) days of the Court's ruling, with or without the Court's presence, to reassess the claims, defenses, and possibilities for resolution of the case, and to formulate a final discovery plan for merits discovery, as provided in Rule 26(f). The parties agree that Phase II merits discovery should take place subsequent to the Court's ruling on any motion for conditional and/or class certification and the issuance of a trial plan by the Court, as Phase II merits discovery may involve significant expert discovery relating to disputed time periods at issue.

**During Phase I "Pre-Certification" Discovery, the parties anticipate that discovery will be needed on the following subjects**:

- Whether Plaintiff is "similarly situated" to the proposed class;
- Whether joinder of all members of the proposed class is practicable;
- Whether there are questions of fact or law common to the proposed class that predominate over any questions affecting only individual members;
- Whether Plaintiff can fairly and adequately protect the interests of the proposed class;

2

- Whether class and/or collective action is an appropriate method for the fair and efficient adjudication of this controversy;
- Whether Defendant maintained uniform policies and practices applicable to the proposed class;
- Defendant's time-keeping practices;
- Defendant's compensation practices, including deductions;
- The steps taken, if any, to ensure that Plaintiff and similarly situated employees received all sums due and owing under the Fair Labor Standards Act and the North Carolina Wage and Hour Act;
- Hours worked by Plaintiff and similarly situated employees;
- Dates of employment worked by Plaintiff and similarly situated employees;
- The nature of Plaintiff's and similarly situated employees' job duties and work activities; and
- Any previous or ongoing complaints filed with or investigations by the United States Department of Labor and/or North Carolina Department of Labor into Defendant's pay practice.

**During Phase II "Merits" Discovery, the parties anticipate that discovery will be needed on the following subjects**:

- Whether Defendant violated the FLSA and/or the NCWHA;
- Whether Defendant acted in good faith;
- Whether Defendant's unlawful acts or omissions, if any, were willful;
- Any defenses raised by Defendant to be set forth in its Answer to the Complaint and any other defenses that may become applicable during discovery; and
- Other facts that may affect Plaintiff's claims or Defendant's defenses.

a) During Phase I, there shall be a maximum of fifteen (15) interrogatories by any party to any other party, except as consented to by the parties. Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including interrogatories.[1]

---

[1]Defendant anticipates serving a short questionnaire containing minimal interrogatories and requests for production on any member that joins any putative collective or class. Because that questionnaire will likely be sent during phase two unless a party joins the collective prior to any motion for certification, the parties have not conferred regarding the parameters of that

3

**b)** During Phase I, there shall be a maximum of fifteen (15) requests for production of documents by any party to any other party, except as otherwise consented to by the parties. Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including requests for production of documents.

**c)** During Phase I, there shall be a maximum of fifteen (15) requests for admission by any party to any other party, except as otherwise consented to by the parties. Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including requests for admission.

**d)** During Phase I, there shall be a maximum of four (4) depositions by Plaintiff. Defendant is limited to four (4) depositions, but may depose any putative plaintiff who may file an opt-in or consent to sue form prior to the close of Phase I discovery. The parties may otherwise consent to additional depositions or the Court may allow additional depositions for good cause shown. The parties anticipate discussing the number and timing of additional "merits" depositions at the beginning of Phase II discovery. To avoid deposing witnesses a second time during Phase II, Plaintiff will be able to take their deposition and address all relevant issues between Phases I and II.

**e)** The parties will abide by the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure relating to the length of depositions.

**f)** Disclosure of retained experts and reports from said experts under Rule 26(a)(2) shall be due in accordance with the Parties' Phase II discovery plan.

**g)** **Electronically Stored Information:** The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information and report to the Court the following:

---

questionnaire. Plaintiffs reserve the right to object to such a questionnaire or to move for a protective order applicable to such written discovery at the appropriate time.

4

a. <u>Relevant information</u>: At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

   i. Payroll records and policies including, but not limited to, hours worked and rates of pay stored by Defendant during the time of Plaintiff's and similarly situated employees' employment with Defendant;

   ii. Electronic mail (including all electronic attachments) sent to and/or from the parties and/or decision-makers or employees of Defendant using Defendant's email relevant to the incidents at issue, including, but not limited to, any electronic email relating to Plaintiff's wage and hour claims;

   iii. Any electronically stored information, including but not limited to text messages, photos, video surveillance cameras, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof); and

   iv. Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes.

b. <u>Procedure for Requests Involving ESI</u>: To the extent any party intends a request for production to include a request that another party search for responsive ESI, the parties agree that the requesting party shall propose custodians and proposed search terms at the time the ESI discovery is requested. The parties agree to then confer regarding the proposed search parameters in good faith prior to conducting any ESI search to attempt to reach an agreement regarding the search parameters before Court involvement. This agreement is not intended to expand the parties' rights or duties under the Federal Rules of Civil Procedure and applicable case law. The parties reserve the right to seek protection and relief from the production of ESI as circumstances warrant.

c. <u>Searches of Cell Phones for ESI</u>: Plaintiffs agree that initial requests for production shall not include a request that Defendant search for ESI available

on the cell phones of any employee, supervisor, manager, or contractor.[2]  In exchange, Defendants agree to provide payroll and time and attendance records for each member of the putative FLSA collective and Rule 23 class for the last three years.  Only after Plaintiffs have reviewed those payroll records and time and attendance records to determine whether additional discovery of ESI from cell phones is necessary shall the parties confer to determine the proper search parameters applicable to discovery of ESI from the cell phones of any employee, supervisor, manager, or contractor.  Any request for ESI from cell phones shall not count as a separate request towards the limitation on the number of requests for production set forth in paragraph 3.b.  While named Plaintiff will agree to produce his text messages for Plaintiff's counsel's review, to the extent such request or production becomes cumbersome, Defendant agrees to cooperate with Plaintiff, to ensure easy access to such text message information, if the same requires approval from Defendant for any potential third-party production.

h) **Form of Production/Preservation:**  The parties agree that all discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business, or, if not reasonably useful in that form, in such other form as is reasonably useful. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that Defendant will not be required to deviate from its normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligation to preserve evidence) with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action.

i) Supplementations under Rule 26(e) are due within thirty (30) days after a party discovers new information that must be disclosed in order to supplement or correct a prior disclosure or a prior response to a request for a discovery, provided, however,

---

[2] Defendant asserts that there is a substantial burden and cost, as well as privacy concerns, associated with searching cell phones for ESI, including (without limitation) text, WhatsApp, and instant messages.  Plaintiffs do not concede this issue, but have nevertheless agreed to this provision to facilitate the efficient search for relevant ESI.

6

that during the final thirty (30) days of discovery, supplementations will occur as soon as practicable so as not to prejudice either party.

j) **Preliminary Deposition Schedule:**  Preliminarily, the parties agree to the following schedule for depositions: within 30 days after Defendant's production/responses to written discovery.  The parties will update this schedule at reasonable intervals and at the beginning of Phase II discovery.

### 4.     Other items.

a) **Conference**.  The parties do not request a conference with the Court prior to the entry of the Scheduling Order, but do request to meet with the Court regarding a proposed discovery control plan/scheduling order within forty-five (45) days following the close of the opt-in or class notice period, or within forty-five (45) days following the Court's denial of Plaintiff's motion for conditional and/or class certification, if applicable.

b) **Dispositive Motions**. All potentially dispositive motions should be filed no later than one month after the close of Phase II merits discovery.

c) **Settlement**.  Settlement is a possibility and will be explored after some discovery has been completed; or, in the alternative, the parties are open to reconsidering the desirability of attempting to settle this case following the resolution of Plaintiff's motion for conditional and/or class certification.

**Mediation.**  The parties are exploring the possibility of conducting mediation during Phase I or following the completion of Phase I Discovery, the exact date to be set by the mediator after consultation with the parties.  If the parties are unable to conduct mediation by December 4, 2020, they agree to conduct mediation within forty-five (45) days after any opt-in or opt-out period the Court may adopt in its ruling on Plaintiff's motion for conditional and/or class certification.  The parties agree that the mediator shall be Ken Carlson or Hunter R. Hughes II.  The parties agree to confer regarding the mediator to make a final selection within 60 days after filing this report.

d) **Pre-Trial Disclosures**.  Parties will file Rule 26(a)(3) disclosures as required by that rule and, in any event, no later than thirty (30) days prior to trial.  Parties agree

to file objections under Rule 26(a)(3)(B) within fourteen (14) days after service of the disclosure to which the objection is made.

e) **Length of Trial**.  Pending disposition of the FLSA and R.23 certification issues, the parties cannot predict an approximate length of trial.  A jury trial has been demanded.

f) **Magistrate Jurisdiction**.  The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master, and the parties do not consent to the appointment of or referral to a magistrate judge.

   **5.      Additional matters which may require the Court's attention.**

a) **Certification Deadline**.  The parties agree that the deadline for Plaintiff to seek conditional and/or class certification is December 28, 2020.

b) **Joinder Deadline**.  The deadline to request leave to join additional parties or amend pleadings should be extended to either: (a) 30 days from any order by the Court denying motion for conditional and/or class certification and issuance of notice; or (b) shall be thirty (30) days after the close of the opt-in period and class notice period, should Plaintiff's motion for conditional and/or class certification and issuance of notice be granted.  The parties reserve the right to move to amend their pleadings thereafter if new facts or circumstances are discovered that warrant such amendment.  After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

c) **Pre-Trial Conference**.  The parties request a pre-trial conference in accordance with the parties' Phase II discovery plan.

d) **Privilege Claw-Back**.  In the event a privileged document is inadvertently produced during discovery, the parties agree that such inadvertent production will not constitute a waiver of either any available privilege or protection by the disclosing party.  The parties further agreed that in the event that the receiving party discovers that it has received either attorney-client privilege or work product-protected documents, it will bring that fact to the attention of the producing party immediately upon discovery, and will immediately return any such document, along with all

8

copies it has made, as well as the names of any individuals who have read or had access to the document(s).

**e) Confidentiality/Protective Order**. The Parties plan to submit a proposed consent confidentiality and protective order for the Court's consideration prior to the production of documents.

The parties have no other matters to present at this time.

Respectfully submitted, this July 30, 2020.

**[Signature on following page.]**

9

BY: */s/ Gilda A. Hernandez*
    Gilda A. Hernandez (NCSB No. 36812)
    Charlotte Smith (NCSB No. 53616)
    **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
    1020 Southhill Drive, Ste. 130
    Cary, NC 27513
    Tel: (919) 741-8693
    Fax: (919) 869-1853
    ghernandez@gildahernandezlaw.com
    csmith@gildahernandezlaw.com

    *Attorneys for Plaintiff*

*/s/ Debbie Whittle Durban*
Debbie Whittle Durban (NC Bar No. 46918)
Matthew A. Abee (NC Bar No. 46949)
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Phone: (803) 799-2000
Fax: (803) 256-7500
Debbie.durban@nelsonmullins.com
matt.abee@nelsonmullins.com

*Attorneys for Defendant*

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 30, 2020, I electronically filed the foregoing true and accurate copy of **CERTIFICATE AND REPORT OF F.R.C.P. 26(f) CONFERENCE AND DISCOVERY PLAN** with the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served the document to the following:

Debbie Whittle Durban (NC Bar No. 46918)
Matthew A. Abee (NC Bar No. 46949)
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Phone: (803) 799-2000
Facsimile: (803) 256-7500
Debbie.durban@nelsonmullins.com
matt.abee@nelsonmullins.com

*Attorneys for Defendant*

Respectfully submitted,

*/s/ Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Charlotte Smith (NCSB No. 53616)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
csmith@gildahernandezlaw.com
*Attorneys for Plaintiff*

11