| | | |
|---|---|---|
| MANUEL ROLDAN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | PRETRIAL ORDER AND CASE MANAGEMENT PLAN |
| BLAND LANDSCAPING COMPANY, INC., | ) ) | |
| Defendant. | ) ) | |

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order and Case Management Plan in this matter.

---

### DEADLINES AT A GLANCE

| | |
|---|---|
| Rule 26 Disclosures: | Within 30 days |
| Discovery Completion: | December 4, 2020  (Stage I) |
| Expert Reports: | Subsequent Order (plaintiff) |
| | Subsequent Order (defendant) |
| Mediation: | Subsequent Order |
| Class Certification Motion: | December 28, 2020 (plaintiff) |
| Trial: | Subsequent Order |

---

## I. DISCOVERY

A. **DISCOVERY GUIDELINES**: Discovery in this case shall be bifurcated. Fourteen (14) days after the Court's ruling on class certification, the parties

shall submit proposed dates for trial and all other matters relevant to Stage II. For Stage I, each party may propound no more than **15** interrogatories, including subparts, propound no more than **15** requests for admission, and take no more than **4** depositions of non-expert witnesses.

B.     **RULE 26 DISCLOSURES**: The parties have agreed to exchange the information set forth in Rule 26 within **thirty (30) days of the date of this Order**.

C.     **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

D.     **THE MAINTENANCE OF DISCOVERY MATERIALS**: Discovery materials are <u>NOT</u> to be filed. All counsel are advised to consult the local rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

E.     **VIDEO DEPOSITIONS**: If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

F.  **PROTECTIVE ORDERS**: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

G.  **DISCOVERY COMPLETION**: All Stage I discovery shall be complete no later than **December 4, 2020**. Supplementations per Rule 26(e) shall be due within **thirty (30) days** after obtaining applicable information. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or to schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

H.  **EXPERT WITNESSES**: Expert discovery deadlines will be set forth in the scheduling order issued following the Court's ruling on class certification.

## II. MOTIONS

A.  **CLASS CERTIFICATION MOTION AND RESPONSE DEADLINE**: Motions for class certification shall be filed no later than **December 28, 2020**. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

B.  **MOTIONS HEARINGS**: Hearings on motions will be conducted when the Rules require a hearing, when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision, or when the Court determines it would aid the decisional process. The Court invites oral argument on dispositive motions whenever any of the attorneys believe that it would assist in the resolution of such motions. All motions requiring a hearing will be heard as soon as is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

C.  **MEMORANDA IN SUPPORT OF MOTIONS**: Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. Motions not in compliance with this Order are subject to summary denial.

D.  **RESPONSES AND REPLIES**: Responses to motions, if any, must be filed within fourteen (14) days of the date on which the motion is filed. Replies to responses, if any, must be filed within seven (7) days of the date on which the

4

response is filed.  Pursuant to Rule 6(d), when a party serves a motion or response by any manner, the respondent shall have an additional three (3) days to file a response or reply.

E.  **ENLARGEMENT OF TIME**: If counsel need more than fourteen (14) days to file a response or seven (7) days to file a reply, a motion for extension of time shall be filed, accompanied by a proposed order.  The moving party must show consultation with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel on the request.  If a party fails to make the requisite showing, the Court may summarily deny the request for extension.

F.  **MOTIONS TO COMPEL**: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so.  Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention.  Failure to do so may result in appropriate sanctions.

## III.  TRIAL

A.  **TRIAL DATE**. Trial will be scheduled in the scheduling order issued following the Court's ruling on class certification.

5

## IV.  ADR

**A.**     **METHOD**: The method of ADR to be utilized in this case is **Mediated Settlement Conference.**

**B.**     **DEADLINE**: The date for completing ADR shall be established by the Scheduling Order issued for Stage II of discovery following the Court's ruling on class certification.

## V.  SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

Signed: August 5, 2020

Robert J. Conrad, Jr.
United States District Judge

6