IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-CV-00276-RJC-DSC

Manuel Roldan, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

Bland Landscaping Company Inc.,

    Defendant.

**Consent Confidentiality Order**

Before the Court is the Joint Motion for Entry of a Confidentiality Order. It is **ORDERED** that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." Information or documents so labelled are referred to collectively as "confidential information." Portions of depositions (or exhibits used in depositions) shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. Inadvertent or unintentional production of documents without prior designation as confidential shall not

be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

2. Unless otherwise ordered by the Court the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Confidentiality Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Confidential information shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

    e. The Court or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. If a party seeks to file any confidential information, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal under Local Civil Rule 6.1 (W.D.N.C.), or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.

7. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with

the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Confidentiality Order does not provide for the automatic sealing of such documents.

7. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

8. This Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: August 12, 2020

David S. Cayer
United States Magistrate Judge