# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00276-KDB-DSC

| | |
|---|---|
| MANUEL ROLDAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BLAND LANDSCAPING COMPANY, INC.,<br><br>    Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant Bland Landscaping Company, Inc.'s ("Bland") Partial Motion to Dismiss or for Judgment on the Pleadings (Doc. No. 18), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") entered March 15, 2021, (Doc. No. 29) and Bland's Objection to the M&R, (Doc. No. 30). The Court has carefully considered this motion, the parties' briefs and other pleadings of record in this action. As discussed below, the Court concludes after its *de novo* review that the recommendation to deny Bland's motion is correct and in accordance with law. Therefore, the findings and conclusions of the Magistrate Judge will be **ADOPTED** and the Motion to Dismiss will be **DENIED**.

## I.     LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate

1

judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd,* 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and

2

Case 3:20-cv-00276-KDB-DSC    Document 35    Filed 01/31/22    Page 2 of 9

the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Bland also moves for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *See In re Bland Companies, Inc. Fair Lab. Standards Act & Wage & Hour Litig.*, 517 F. Supp. 3d 484, 492–93 (W.D.N.C. 2021), quoting *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). A motion for judgment on the pleadings is governed by the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Conner,* 2022 WL 53977 at *1; *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012); *Shipp v. Goldade*, No. 5:19-CV-00085-KDB-DCK, 2020 WL 1429248, at *1 (W.D.N.C. Mar. 19, 2020).

In analyzing a Rule 12 motion, a court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007). In particular, when considering a Rule 12(c) motion, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint ... so long as the authenticity of these documents is not disputed." *Chapman v. Asbury Auto. Grp.,*

3

*Inc.*, No. 3:13 cv 679, 2016 WL 4706931, at *1, 2016 U.S. Dist. LEXIS 121043, at *3 (E.D. Va. Sept. 7, 2016) (quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006)); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016). "[I]n the event of conflict between the bare allegations of the complaint and any attached exhibit, the exhibit prevails." *Slater v. Bank of Am.*, No. 1:10-1091, 2012 WL 2997880 at *7, 2012 U.S. Dist. LEXIS 101687 at *21 (S.D. W. Va. June 26, 2012) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

## II.     DISCUSSION

In this putative collective and class action, Plaintiff, a foreman who is seeking to represent other current and former full-time foremen for Bland's landscaping business, asserts that Bland violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 and the North Carolina Wage and Hour Act ("NCWHA"). Specifically, Plaintiff has filed claims for (1) unpaid overtime wages under the FLSA, 29 U.S.C. § 207; (2) reimbursement under the NCWHA for improper deductions for uniforms and uniform cleaning services under N.C. Gen. Stat. § 95-25.8; and (3) unpaid wages under the NCWHA, including overtime resulting from Bland's miscalculation of wages and work performed during lunch breaks, pursuant to N.C. Gen. Stat. § 95-25.6. Only the final claim is at issue here. In its Rule 12 motions, Bland moves to dismiss Plaintiff's NCWHA claims for overtime compensation under N.C. Gen. Stat. § 95-25.6, North Carolina's "payday" statute, and now objects to the Magistrate Judge's recommendation that the motions be denied.

Bland offers three grounds for its objection. First, it claims that the North Carolina "payday" statute doesn't apply to Plaintiff's "disputed overtime" claims. Second, it argues that Plaintiff's claims are exempted from the "payday" statute. And, finally, Bland contends that

4

Plaintiff's "payday" claim is preempted by the FLSA. As discussed below, the Court finds that the M&R correctly recommends that Plaintiff's "payday" claim be permitted to go forward at this initial stage of the case and therefore Bland's motion will be denied.[1]

Bland's first argument that Plaintiff's "payday" claims cannot proceed because Bland "disputes" the claims misunderstands and misstates both Plaintiff's claims and the relevant authority. The North Carolina "payday" statute, N.C. Gen. Stat. § 95-25.6, provides a means for employees to recover payment for all accrued wages and tips which are not paid on the employee's "payday" (with certain exceptions). Simply put, Plaintiff alleges here that he and the other foremen who make up the requested class have not been paid for all the time they worked for Defendant during lunch breaks and otherwise. Particularly considering the governing standard of review which requires the Court to accept Plaintiff's allegations as true, this states a claim under Section 95–25.6. *See, e.g.*, *Hanson-Kelly v. Weight Watchers Int'l, Inc.*, No. 1:10CV65, 2011 WL 2689352, at **2-3 (M.D.N.C. July 11, 2011) (claim that Plaintiffs were only paid for 2.5 hours of work for each meeting, at their hourly wage plus commissions, despite the fact that Plaintiffs worked longer than 2.5 hours at the meetings stated a "payday" claim because it was a claim to be paid for "all hours worked"); *Laurence v. Harris Teeter, LLC*, No.

---

[1] Plaintiff argues that this Court should not review the M&R *de novo* because Bland's "relitigation" of the motion on the same grounds argued to the Magistrate Judge reflects only "general or conclusory objections." *See T.W.T. Distrib., Inc. v. Johnson Prods. Co.*, 966 F. Supp. 2d 576, 578 (W.D.N.C. 2013); *Wiggins v. Colvin*, No. 1:12-cv-196, 2014 WL 184414, at *1 (W.D.N.C. Jan. 15, 2014) ("General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. Examining anew arguments already assessed in the M & R would waste judicial resources; parties must explain why the M & R is erroneous, rather than simply rehashing their prior filings."). While the Court agrees that Bland's arguments in its objection mostly mirror its arguments to the Magistrate Judge, because the Court finds after *de novo* review that the M&R should be adopted, it need not decide if a lower standard of review should be applied.
.

317CV00602RJCDSC, 2018 WL 10058688, at *3 (W.D.N.C. Feb. 20, 2018) (Plaintiff's claim under N.C. Gen. Stat. § 95-25.6 that Defendant "breach[ed] ... its contractual obligation to pay Plaintiff and other hourly-paid Keyholders, Grocery Managers, and Assistant Grocery Managers for all hours worked," by failing to pay them for time spent driving to and from Managers' residences before and after their shifts and for working off the clock during breaks stated a claim under N.C. Gen. Stat. § 95-25.6).

Defendant relies on *Queen v. RHA Health Servs.*, No. 1:00CV00101, 2001 U.S. Dist. LEXIS 26118 *7-8 (M.D.N.C. Jan. 22, 2001) and *McKeithan v. Novant Health, Inc.*, No. 1:08CV374, 2008 WL 5083804, at *1-3 (M.D.N.C. Nov. 25, 2008). However, those cases are distinguishable because the underlying employment contracts at issue specifically designated the time for which plaintiffs sought pay as non-compensable and there was a dispute whether or not the employees were actually working during the disputed periods (e.g. while they were "on call"). *See Queen*, 2001 U.S. Dist. LEXIS 26118, at *8 (noting that plaintiff had "signed a contract agreeing to Defendants' sleep time policy" and therefore "had no contractual expectation of payment for that time, beyond the stated policy of clocking in when interruptions prevented at least five hours of sleep"); *McKeithan*, 2008 WL 5083804, at *3 (noting that the employer's "written policy.... specifically preclude[d] payment for designated mealtimes," meaning that "the so-called 'withheld payments' Plaintiff ... s[ought] to recover [we]re not, in fact, accrued wages of the type that fall under the ambit of section 95-25.6"); *see also Hanson-Kelly*, 2011 WL 2689352, at *3. Again, in contrast, the asserted "dispute" here is not about whether work during a purported "lunch break" is compensable, but rather how much, if any, Plaintiffs worked during that time without being paid. Under N.C. Gen. Stat. § 95-25.6,

employees may seek to recover unpaid wages for actual work time; therefore, this "dispute" (on which the Court expresses no view as to the merits) states a claim under the "payday" statute.

Defendant's second objection is that Plaintiff's NCWHA "payday" claim cannot proceed because the NCWHA exempts employees who work for employers who are subject to the FLSA from the protection of the NCWHA overtime statute (presumably because they can rely on the FLSA). For the reasons discussed below, the Court will permit the claim to go forward as recommended by the Magistrate Judge, but without prejudice to Bland having an opportunity to again raise this issue at summary judgment. See *Lima v. MH & WH, LLC*, No. 5:14-CV-896-FL, 2019 WL 2602142, at *15 (E.D.N.C. Mar. 8, 2019).

As discussed above, Plaintiff's claim under the NCWHA is based upon defendants' failure to pay Plaintiff "all owed, earned, and promised wages," in violation of N.C. Gen. Stat. § 95-25.6. The NCWHA sets forth separately an "overtime" pay claim as follows:

> Every employer shall pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours in excess of 40 per week.

N.C. Gen. Stat. § 95-25.4. However, the NCWHA mandates "exemptions" to such overtime claims for plaintiffs subject to the FLSA:

> The provisions of G.S. 95-25.3 (Minimum Wage), G.S. 95-25.4 (Overtime), and G.S. 95-25.5 (Youth Employment), and the provisions of G.S. 95-25.15(b) (Record Keeping) ... do not apply to: (1) Any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the [FLSA] ....

N.C. Gen. Stat. § 95-25.14(a). By its terms, therefore, Section 95-25.14(a) does not exempt "payday" claims under Section 95-25.6 for employees of "FLSA employers." Accordingly,

Plaintiff's NCWHA "payday" claim (which in any event seeks broader relief than recovery of overtime wages as discussed above) is not exempted and will not be dismissed at this time.[2]

Defendant's final objection is that the FLSA preempts any claim under the NCWHA "payday" statute. As the M&R described in detail, this Court has recently addressed this argument, holding that because the FLSA only preempts state laws that provide lesser protections than the FLSA, state "payday" statutes such as N.C. Gen. Stat. § 95-25.6, which provides additional protection to employees, are not preempted. See *In re Lowe's Companies, Inc. Fair Lab. Standards Act & Wage & Hour Litig.*, No. 5:20-MD-02947-KDB-DSC, 2021 WL 374976 at *4-6 (W.D.N.C. Feb. 3, 2021). Accordingly, for the reasons expressed in the M&R, the Court finds that the Plaintiff's NCWHA "payday" claim under Section 95-25.6 is not preempted by the FLSA.[3]

---

[2] The Court's ruling on these Rule 12 motions may not, however, be the final word on this issue. While Plaintiff's NCWHA "payday" claims are neither exempted nor preempted, it does not necessarily follow that Plaintiffs will ultimately be permitted to recover overtime wages under the NCWHA (as distinguished from FLSA overtime wages) through the "payday" statute. Indeed, it may be an incorrect reading of the NCWHA to allow an employee to recover NCWHA overtime wages which cannot otherwise be recovered by a "FLSA" plaintiff under the "payday" statute, which does not itself grant any substantive right to wages but rather only sets the time for payment of otherwise accrued wages. *See Lima*, 2019 WL 2602142, at *15 (holding that allowing plaintiff to recover overtime wages under the NCWHA, through the avenue of a "payday" claim under § 95-25.6, would render meaningless the exemption for overtime claims in §95-25.14(a)); *but see Mebane v. GKN Driveline North America, Inc.*, 1:18-cv-892-LCB-LPA, 2020 WL 6525820, at *6 (M.D.N.C. Nov. 5, 2020) (allowing "payday" claim for overtime to proceed). Accordingly, the Court will allow Plaintiff's NCWHA "payday" claim to proceed without prejudice to the Court's later consideration of the scope of Plaintiff's potential recovery under Section 95-25.6 after the full record is developed during discovery.

[3] In its objection, Defendant raises an issue related to the nature of the class(es) which may be permitted with respect to Plaintiff's NCWHA claims. Specifically, Defendant argues that the Court should limit Plaintiff's "payday" claim for overtime wages only to class members who "opt-in" to the lawsuit under the FLSA and not permit those claims to be pursued on behalf of an "opt-out" class under Rule 23 of the Federal Rules of Civil Procedure. This issue, which was not decided by the M&R, is not properly before the Court at this time, but will be addressed in the

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Court adopts the findings and conclusions of the M&R and accepts its recommendation to deny Defendant's motion;

2. Defendant's Partial Motion to Dismiss or for Judgment on the Pleadings (Doc. No. 18) is **DENIED;** and

3. This matter shall proceed towards a decision on the merits in the absence of a voluntary resolution of Plaintiff's claims between the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 31, 2022

Kenneth D. Bell
United States District Judge

---

context of the Court's ruling on the Plaintiff's pending motion seeking conditional class certification. Doc. No. 19.