IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00276-KDB-DSC

| | |
|---|---|
| MANUEL ROLDAN, | |
| Plaintiff, | |
| v. | **ORDER** |
| BLAND LANDSCAPING COMPANY, INC., | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Certify Class Conditionally Pursuant to the Fair Labor Standards Act, for Court-Authorized Notice to be Issued Under 29 U.S.C. Section 216(b), for Class Certification Under Fed. R. Civ. P. 23, and for Appointment of Class Counsel Under Fed. R. Civ. P. 23(g) (Doc. No. 19). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will partially **GRANT** the motion on the terms described in this Order.

### I. LEGAL STANDARD

The FLSA "embodies a federal legislative scheme to protect covered employees from prohibited employer conduct." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008). A plaintiff alleging an FLSA violation may bring suit on his or her own behalf or on behalf of other employees who are similarly situated. 29 U.S.C. § 216(b). Section 216(b) explains the process for a collective action:

1

> An action to recover the liability prescribed [under the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"Thus, there are two requirements for the certification of a FLSA collective action: (1) the members of the proposed class must be 'similarly situated,' and (2) the class members must 'opt-in' by filing their consent to suit." *Dearman v. Collegiate Housing Services, Inc.*, No. 5:17-cv-57, 2018 WL 1566333 (W.D.N.C. Mar. 30, 2018); *see also Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 298 (W.D.N.C. 2013)*; Romero v. Mountaire Farms, Inc.,* 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011). "Similarly situated" is not defined in the FLSA and the Fourth Circuit has not provided guidance on how it should be applied. *Long*, 292 F.R.D. at 298. "However, federal district courts in the Fourth Circuit typically follow a two-step approach when deciding whether the named plaintiffs are similarly situated to potential plaintiffs for the purposes of certifying the collective action." *Id.*; *see also Holland v. Fulenwider Enterprises, Inc.*, No. 1:17-cv-48, 2018 WL 700801 (W.D.N.C. Feb. 2, 2018).

At the first stage, also called the "notice stage," "the court makes a preliminary determination whether to conditionally certify the class based upon the limited record before the court." *Long*, 292 F.R.D. at 298. At this stage, the plaintiff bears a "fairly lenient" burden, needing only to show "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Holland*, 2018 WL 700801 at *2; *see also In re Family Dollar FLSA Litigation*, No. 3:12-cv-1951, 2014 WL 1091356 (W.D.N.C. Mar. 18, 2014). The plaintiff also must show that the putative class is manageable. *See In re Family Dollar FLSA Litigation*,

2

2014 WL 1091356 (W.D.N.C. Mar. 18, 2014). A "fairly lenient" standard does require more than just bare assertions. For example, relying solely on a common job description is not enough to show that potential members are similarly situated. *Id.*

If the court grants the motion to conditionally certify, it then will authorize plaintiff's counsel to provide putative plaintiffs with notice. *Long*, 292 F.R.D. at 299. District courts have wide discretion in facilitating notice to potential claimants. *Hoffman-La Roche Inc. v. Sperling*, 110 S. Ct. 482 (1989). This includes limiting the size of the proposed class, restricting duplicative notices, and altering the content of the notice. *See e.g., Moseman v. U.S. Bank Nat'l Ass'n*, No. 3:17-cv-481, 2018 WL 3616864 (W.D.N.C. June 12, 2018).

Stage two arises if and when the defendant files a motion for decertification. *Long*, 292 F.R.D. at 299. This generally occurs after discovery is complete. *Id.* At this more advanced stage of the litigation, the court will conduct the same "similarly situated" analysis but will apply a heightened fact-specific standard. *Id.* "Upon a determination that the plaintiffs established the burden of proving they are 'similarly situated,' the collective action proceeds to trial." *Id.* "On the contrary, if the court determines that the plaintiffs are in fact, not 'similarly situated,' the class is decertified and the original plaintiffs may proceed on their individual claims." *Id.*

"A collective action allows [FLSA] plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources," and "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." *Id.* at 170. "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not

3

otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id*. (citing Fed. R. Civ. P. 83). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id*.

Plaintiffs seeking class certification outside the FLSA "must affirmatively demonstrate [their] compliance" with Federal Rule of Civil Procedure 23. *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rule 23(a) requires that a prospective class satisfy four prerequisites to ensure that the class claims are fairly encompassed by those of the named plaintiff. *See* Fed. R. Civ. P. 23(a). These prerequisites are often referred to as numerosity, commonality, typicality, and adequacy. *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 654 (4th Cir. 2019). The Fourth Circuit has also recognized that Rule 23 "contains an implicit threshold requirement" of "ascertainability" – that the members of a proposed class be "readily identifiable" by way of reference to objective criteria. *See id.* at 654–55. If these initial requirements are met, the plaintiffs must then demonstrate that the proposed class fits within at least one of the three types of classes outlined in Rule 23(b). *Id.* at 655.

Although it is Plaintiffs' burden to demonstrate compliance with Rule 23, this Court "has an independent obligation to perform a 'rigorous analysis' to ensure that all of the prerequisites have been satisfied." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) (quoting *Dukes*, 564 U.S. at 350–51). As Rule 23's criteria are often "enmeshed in the factual and legal issues comprising the plaintiff's cause of action," this analysis may entail some consideration of the merits of the underlying claims. *See Dukes*, 564 U.S. at 351. However, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may

4

be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466, 133 S. Ct. 1184, 185 L.Ed.2d 308 (2013).

An order that certifies a class action must define the class and the class claims, issues or defenses, and must appoint counsel under Rule 23(g). Fed. R. Civ. P. 23 (c)(1)(B). In appointing class counsel, the court must consider the work counsel has done in identifying and investigating the potential claims, counsel's relevant experience and knowledge of the applicable law and the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Also, the Court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. *Id*. at Rule 23(g)(1)(B).

## II. FACTS AND PROCEDURAL HISTORY

In this putative collective and class action, Plaintiff, a foreman who is seeking to represent other current and former full-time foremen for Bland's landscaping business, asserts that Bland violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 and the North Carolina Wage and Hour Act ("NCWHA"). Specifically, Plaintiff has filed claims for (1) unpaid overtime wages under the FLSA, 29 U.S.C. § 207; (2) reimbursement under the NCWHA for improper deductions for uniforms and uniform cleaning services under N.C. Gen. Stat. § 95-25.8; and (3) unpaid wages under the NCWHA, including overtime resulting from Bland's miscalculation of wages and work performed during lunch breaks, pursuant to N.C. Gen. Stat. § 95-25.6.

By this motion, Plaintiff seeks to conditionally certify the following "opt-in" class under the FLSA:

> All individuals who were, are, or will be employed by Defendant as Foremen, at
> any time within the three (3) year period prior to the date of the commencement of

5

this action, through the present, and who did not receive compensation for all hours worked, at the appropriate rate, including one- and one-half times their regular rate for all hours worked over forty (40) in a week.

Similarly, with respect to Plaintiff's NCWHA claims, Plaintiff seeks to certify a class under Rule 23(b)(3) as follows:

All individuals who were, are, or will be employed by Defendant in North Carolina as Foremen, at any time within the two (2) years prior to the date of commencement of this action through the present, and who did not receive compensation for all hours worked, at the promised rates, including, one- and one-half times their regular rate for all hours worked over forty (40) in a week and/or who were subject to a "uniform service" deduction or other wage deduction not specifically permitted by law or authorized in writing by the Foremen.

Plaintiff also seeks the Court's authorization for appropriate notice to the putative classes and the appointment of Plaintiff's counsel as class counsel under Rule 23(g).

On the same date that Plaintiff's motion was filed, Defendant moved to dismiss or for judgment on the pleadings as to a portion of Plaintiff's claims. (Doc. No. 18). Contemporaneously with this Order, the Court has issued an Order denying Defendant's motion. Notably, Defendant's motion did not raise any of the "supplemental jurisdiction" issues that Defendant has asserted in opposition to this procedural class certification motion.

### III. DISCUSSION

A. <u>Conditional FLSA Collective Certification</u>

Plaintiff's first request for conditional certification of his proposed FLSA collective action is easily addressed. Acknowledging the "lenient" governing standard discussed above, Defendant

6

Case 3:20-cv-00276-KDB-DSC    Document 36    Filed 02/01/22    Page 6 of 19

does not oppose Plaintiff's request.[1] *See* Doc. No. 26 at 1. Accordingly, the FLSA collective class proposed by Plaintiff as set forth above will be conditionally certified.

B. <u>NCWHA Class Certification</u>

In addition to "conditional" certification of the proposed FLSA collective action class, Plaintiff seeks certification of a class under Rule 23 of the Federal Rules of Civil Procedure to pursue his claims under the NCWHA. Defendant opposes class certification on several grounds, including that the Court should not exercise supplemental jurisdiction over Plaintiff's NCWHA claims and that Plaintiff has allegedly failed to establish the "numerosity," "commonality" and "predominance" required under Rule 23.

The Court does not accept Bland's argument that the Court should decline supplemental jurisdiction over Plaintiff's NCWHA claims for several reasons. First, if Defendant believed that this Court ought not exercise jurisdiction over the NCWHA claims then those arguments should have been raised in its motion challenging Plaintiff's right to bring the NCHWA claims rather than in opposition to this procedural class certification motion. The question before the Court in this motion is simply whether Plaintiff has met his burden of meeting the prerequisites for maintaining a class action, not the sufficiency of the class claims or whether the Court should take jurisdiction over them.

Further, Defendant's argument also fails on the merits. Pursuant to 28 U.S.C. § 1367, Federal courts "shall have supplemental jurisdiction over all other claims that are so related to

---

[1] Bland does, however, ask the Court to modify the "substance and method of sending" Plaintiff's proposed notice to the class. As discussed below, after considering the Parties' submissions on notice, the Court will require the Parties to meet and confer regarding drafting a new proposed notice to the classes in accordance with the Court's directions.

claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .'" *Id.* § 1367(a)). In other words, supplemental jurisdiction is appropriate where the state and federal claims derive from a common nucleus of operative fact and where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Applying these long established principles, courts in this circuit have frequently exercised jurisdiction over both FLSA claims and state wage and hour claims related to the same employees in the same action to promote judicial economy for all involved. *See Tom v. Hosp. Ventures LLC,* No. 5:17-CV-98-FL, 2021 WL 2272386, at *9 (E.D.N.C. June 3, 2021) ("plaintiff has demonstrated good cause for collective action certification and class action certification"); *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 474 (E.D.N.C. 2010) (finding "consolidating [NCWHA] state law claims with [FLSA] federal claims would be much more efficient" and rejecting arguments against exercising supplemental jurisdiction where the FLSA and NCWHA claims are based on the same facts); *Winingear v. City of Norfolk, Va.*, No. 2:12CV560, 2013 WL 5672668, at *3 (E.D. Va. Oct. 16, 2013) (exercising supplemental jurisdiction where state and federal claims were brought by the same group of employees for unpaid wages and granting certification); *Calderon v. GEICO Gen. Ins. Co.*, 279 F.R.D. 337, 342 (D. Md. 2012) ("there is considerable logic from a case management standpoint in allowing both actions to proceed in the same case. . . .[t]o do otherwise would not only be inefficient, but also would increase the risk of inconsistent adjudications of claims based on identical facts and arising under parallel federal and state laws. . . there is no conflict in allowing FLSA and Rule 23 classes to proceed together."); *Carter v. MV Transp., Inc.*, No. RWT 09CV0527, 2011 WL 10591753, at *2 (D. Md. Feb. 14,

8

2011) ("Despite [d]efendant's argument to the contrary, numerous decisions in this district court and other courts within the Fourth Circuit have determined that adjudication of FLSA claims and state wage and hour claims are appropriate and unobjectionable.").

Here, the Court finds that Plaintiff's NCWHA and FLSA claims "derive from a common nucleus of operative fact"; that is, Defendant's wage payment policies and practices with respect to its foremen. It would be a waste of resources for both the courts and the Parties to require separate Federal and State adjudication of Plaintiff's claims. Thus, the Court will not accept Defendant's request to decline to exercise supplemental jurisdiction over Plaintiff's NCWHA claims.

### 1. Rule 23(a) Factors

Beyond its jurisdictional challenge, Defendant argues that Plaintiff has failed to meet the standards for class certification under Rule 23(b)(3). An action under Ruled 23 must satisfy four prerequisites as noted above:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition, with respect to the class Plaintiff seeks to certify, the court must find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods

9

for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court finds that Plaintiff has complied with the Rule 23 requirements.

### a) Ascertainability and Numerosity

Apart from its specifically enumerated requirements, "Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" *EQT Prod. Co. v. Adair*, 764 F.3d 347 (4th Cir. 2014). Under this principle, often called "ascertainability," "a class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *Id*. The Court finds that the proposed class members are ascertainable. Indeed, Defendant has already provided a list of current and former foremen to Plaintiff. *See* Doc. No. 20-9. Also, the proposed class easily satisfies the numerosity requirement, totaling at least 284 foreman, even according to Defendant. *Id.*, *see, e.g., Tom*, 2021 WL 2272386, at *7 (class exceeding 50 employees "sufficient to satisfy the numerosity requirement").[2]

### b) Commonality

Certification is only appropriate if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Because nearly all legal disputes involving a large number of people in similar circumstances will raise common questions, what matters most in determining "commonality" in the context of class certification is "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *See Dukes*, 564 U.S. at

---

[2] Defendant's argument, without citation to any authority in this circuit, that the Court should find that joinder of nearly 300 plaintiffs is not "impractical" borders on the frivolous. If "numerosity" cannot be established simply because all of the hundreds of foremen will have an opportunity to "opt-in" as part of a collective FLSA action then as a practical matter few if any "hybrid" FLSA /Rule 23 class actions could ever exist. However, as cited above, such actions regularly occur. Moreover, the single case cited in support of Defendant's position involved only 37 potential plaintiffs, which is easily distinguishable from this action.

10

349–50. Indeed, "[a] single common question will suffice," so long as it is "of such a nature that its determination 'will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *EQT*, 764 F.3d at 360 (citing *Dukes*, 564 U.S. at 350, 359). Also, in this context a common question is one where "the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045, 194 L. Ed. 2d 124 (2016) (quoting 2 W. Rubenstein, Newberg on Class Actions § 4:50, pp. 196–197 (5th ed. 2012).

With respect to commonality, Plaintiff has demonstrated that there are common contentions that are capable of classwide resolution. In particular, Plaintiff asserts that putative class members did not receive wages due to several reasons related to Defendant's compensation policies that were common to all foremen. Whether or not Plaintiff's allegations are true will of course be determined through later proceedings, but the common questions concerning how Defendant's foremen were paid appear to be capable of common proof and determination, which is sufficient to support a finding of "commonality."

Defendants argue that commonality is defeated because Plaintiff's claims may not apply to all putative class members in the same way, requiring individualized determination of damages. This does not, however, defeat commonality. The requirement that "class members have suffered the same injury" does not mean that each class member must be entitled to the same amount of damages. *Wal-Mart Stores*, 564 U.S. at 349; *see Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 428 (4th Cir. 2003) ("[T]he necessity of making an individualized determination of damages for each class member generally does not defeat commonality."). All of the putative class members were in the same position, working under the same wage policies. Therefore, if those policies

11

resulted in insufficient pay, that is an injury common to all putative class members, regardless of whether the amount of actual damages will vary by class member.

### c) Typicality

The next Rule 23(a) prerequisite is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). To meet this requirement, the class representative's claim must "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members." *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006). Typicality does not require "that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned" – some minor variation between a named plaintiff's individual claim and those of the class members she aims to represent is to be expected. *See Dieter v. Microsoft Corp.*, 436 F.3d 461, 467 (4th Cir. 2006). Rather, the representative's claims must only have the same essential characteristics as the claims of the class at large. *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008). Typicality ensures that a representative "possess[es] the same interest and suffer[s] the same injury as the class members." *Gen. Tel. Co. of the SW v. Falcon*, 457 U.S. 147, 156 (1982). The typicality requirement is designed to ensure that there is "enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. The Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011). Moreover, as noted by the Fourth Circuit *in Soutter v. Equifax Info. Servs., LLC*, 498 F. App'x 260 (4th Cir. 2012), "typicality tends to merge with commonality." Thus, the same reasons as to why there is commonality will support (or counsel against) a finding of "typicality."

As with "commonality," Plaintiff has demonstrated that his claim is typical of the claims of the putative class members and/or the asserted defenses. This, again, is because Plaintiff and all putative class members were subject of the same allegedly improper pay practices for foremen who worked for the Defendant. Indeed, Defendant does not even separately challenge "typicality" here.

> d) Adequacy

Representative parties and class counsel must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4), (g)(4); *see also Sharp Farms v. Speaks*, 917 F.3d 276, 290 & n.7 (4th Cir. 2019). Defendants have not challenged either the adequacy of the Plaintiffs or their counsel to represent the class, and the Court similarly finds that they will adequately represent the class the Court intends to certify. Therefore, each of the Rule 23(a) requirements has been met.

> 2. Rule 23(b)(3) Class Requirements

Having determined that all of the requirements of Rule 23(a) have been met, the Court must now determine whether Plaintiff's NCWHA claims fit into one of the four categories of Rule 23(b). Fed. R. Civ. P. 23; *Krakauer*, 925 F.3d at 655. Rule 23(b)(3) permits a class action where the prerequisites of Rule 23(a) are met, and two additional criteria are satisfied: (1) that questions of law or fact common to members of the class predominate over any questions affecting only individual members and (2) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b)(3). This is the most common category for money damage cases, especially small claims class actions, and hence is commonly referred to as the "money damages" class action. *See Krakauer*, 925 F.3d at 655 (Rule 23(b)(3) is the "common vehicle" for class actions "which seek damages for widespread wrongful conduct").

13

As discussed above, Plaintiff does not assert any claims that are not generally applicable to other foremen so class questions predominate over individual issues. Further, a class action is superior to other available methods for fairly and efficiently adjudicating this controversy because all the issues raised by Defendant's pay policies can be resolved here in a single action. Indeed, it is a considerable understatement to say that it would be inefficient to require putative class members to litigate individually. Thus, Plaintiff has shown that his NCWHA claims can properly be maintained as a Rule 23(b)(3) class action, and the Court will certify the Plaintiff's proposed NCWHA class as described above.

C. Class Notice

Once a court decides to conditionally certify a class, the next step is authorizing notice to putative plaintiffs. Plaintiff has proposed notice to the classes which the Court intends to certify. *See* Doc. No. 20-15. However, Defendant represents to the Court that the Parties have not yet met to discuss and determine if they can agree on the contents of that notice. Also, Defendant asks the Court to modify the Plaintiff's draft notice and limit the means by which Plaintiff can send the notice to potential class members. *See* Doc. No. 26 at 21-22. As ordered below, the Court directs the Parties to confer and file, within 14 days of the date of this order, a draft jointly prepared Notice to the certified classes consistent with this Order.[3] To assist the Parties in that task, the Court will briefly comment on some of Defendant's stated objections to the Plaintiff's proposed notice.

---

[3] The Court notes that it may be helpful for the Parties to review the class notice approved by the Court in *Danford v. Lowe's Home Centers, LLC*, No. 519CV00041KDBDCK, 2019 WL 4874823, at *8 (W.D.N.C. Oct. 2, 2019) in preparing their joint submission. However, to the extent that the notice contemplated by this Order differs from the approved notice in *Danford*, for example as to delivery of the notice by text message, the Parties should rely on this Order.

14

This Court has broad discretion in determining how notice will be sent to putative plaintiffs. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and will exercise that discretion to make notice as understandable as possible to potential plaintiffs who may be unfamiliar with legal proceedings. Accordingly, the Parties are directed to wherever possible use plain language rather than legal jargon to explain the nature of the claims and proceedings and the choices that need to be made by the class members. However, the Court will not require the notice to avoid use of the term "defendant" as requested by Bland. That common term would be plainly understood by foremen to refer to Bland Landscaping (if it is so designated in the notice) and is no more (and probably less) likely to confuse class members than the term "plaintiff," which is a less familiar term.

Defendant further asks the Court to require that the notice more specifically describe how foremen who "opt-in" to the lawsuit may be required to participate in the case. The Court agrees that potential plaintiffs should be accurately informed about what they might be asked to do if they "opt-in," but also believes that information should not be worded in a way that discourages them from joining the lawsuit. Towards that end (and without intending to prohibit the Parties from drafting more agreeable language) the Court suggests that potential plaintiffs be told: "If you opt-in to this lawsuit, you may or may not be asked to participate in the case by providing information, sending copies of documents in your possession to your lawyers, or testifying in a deposition or if there is a trial. Many plaintiffs will have no or a very limited role in the case and others will be required to do more. If you opt-in, Class Counsel will communicate with you about your role, if any, in the case."

15

Defendant also asks the Court to remove "disputed" facts from the notice, including Plaintiff's allegation that Defendant paid "an hourly rate" to the foremen. Generally, it is appropriate for the Notice to state Plaintiff's contentions, including his "hourly rate" claim, as well as state Defendant's general denial of wrongdoing. However, with specific reference to the first paragraph of the proposed Notice, the Court believes that it would be less confusing to potential plaintiffs to simply direct the Notice to the certified class as described above without additional embellishment.

With respect to the substance and placement of the "authorization" language in the proposed Notice, the Court finds that it is appropriate (and consistent with the *Danford* Notice referenced above). Concerning "opt-out" notices, regardless of whether they are sent to Class Counsel or Bland's counsel, the Parties should ensure that both sides are aware of who has opted in and out of the action. And, as to Defendant's remaining objection, the Court does not believe that paragraph eight of the proposed notice entitled "If the Employee is successful in this case, what money might I receive?" is inappropriate. Potential plaintiffs are entitled to know what they might recover if the claims are successful.

Finally, as the last note on drafting the joint notice, the Court directs the Parties to more clearly address the issue of the distinction between the "opt-in" and "opt-out" classes, in particular as it relates to the recovery of allegedly unpaid overtime wages. While the Court has found that both Plaintiff's FLSA and NCWHA claims can both proceed together in this action, the Court shares Defendant's concern that it may be inconsistent with the FLSA's specific requirement that plaintiffs "opt-in" to recover overtime wages to allow any plaintiff who has not done so to recover overtime pay through the NCWHA "opt-out" class. *See* 29 U.S.C. § 216(b)

16

("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Accordingly, while the Court does not reach or decide this issue at this time, the proposed Notice should make clear to potential plaintiffs that if they want to recover unpaid overtime wages they need to "opt-in" to the FLSA claims because they may not be able to recover overtime pay through the NCWHA "opt-out" class.

Beyond its objections to the form of the proposed Notice, Bland objects to Plaintiff's plan to send notices by text message as well as U.S. mail and email. Bland argues that U.S. mail and email will be sufficient notice and requiring Bland to provide cell phone numbers for the foremen is overly intrusive and risks violating privacy rights of its employees. Plainly, the goal of court authorized Notice to potential plaintiffs must be to provide *actual* notice in so far as that is reasonable. *See* Rule 23(c)(2)(B) ("… the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.").

Technological advances and societal challenges such as unwanted "spam" emails[4] make Defendant's cited case authority (which dates back up to a decade) much less relevant to the practical realities of contemporary communications. With the common use of "spam blocking" email filters[5] and other applications designed to redirect or prevent the delivery of unsolicited

---

[4] Between October 2020 and September 2021, global daily spam volume reached its highest point in July 2021, with almost 283 billion spam emails from a total of 336.41 billion sent emails. The country where the most emails were sent was the U.S. *See* https://www.statista.com/statistics/1270424/daily-spam-volume-global (accessed January 25, 2022).

[5] According to Google, its Gmail service blocks more than 100 million phishing emails every single day. *See* https://cloud.google.com/blog/products/identity-security (accessed January 25, 2022).

17

emails from unknown senders, email may now be a markedly less effective means of communicating with potential class members. Further, at the same time that email has become less useful, text messaging has become far more common, being regularly used for commercial as well as personal communications (for example, providing a phone number to a restaurant to receive a text when a table is available). Therefore, Plaintiffs will be allowed to send the Notice ultimately approved by the Court by a text as well as email and U.S. mail.[6] *See Privette v. Waste Pro of N. Carolina, Inc.*, No. 2:19-CV-3221-DCN, 2020 WL 1892167, at *7 (D.S.C. Apr. 16, 2020) ("[T]ext messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone serving as the most consistent and reliable method of communication."(internal quotations and citations omitted)); *Regan v. City of Hanahan*, No. 2:16-CV-1077-RMG, 2017 WL 1386334, at *3 (D.S.C. Apr. 18, 2017) ("Plaintiffs' request that notice be distributed via direct mail, email, and test messaging is reasonable because, in today's mobile society, individuals are likely to retain their mobile numbers and email addresses even when they move.").

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Certify Class Conditionally Pursuant to the Fair Labor Standards Act, for Court-Authorized Notice to be Issued Under 29 U.S.C. Section 216(b), for Class Certification Under Fed. R. Civ. P. 23, and for Appointment of Class Counsel Under Fed. R. Civ. P. 23(g) (Doc. No. 19) is **GRANTED IN PART;**

---

[6] To the extent that Defendants contend that additional texts proposed by Plaintiff are unreasonable, the Court can address that issue separately.

2. Plaintiff's proposed FLSA collective action class as described above is conditionally certified;

3. Plaintiff's proposed NCWHA class as described above is certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

4. Manuel Roldan is appointed class representative for both of the certified classes;

5. The Law Offices of Gilda A. Hernandez, PLLCC is appointed as Class Counsel to both of the certified classes;

6. Defendant shall produce to Defendant an updated production of names, last known mailing addresses, alternate addresses, telephone numbers, email addresses, and dates of employment for all putative class members and

7. The Court directs the Parties to confer and file, within 14 days of the date of this order, a jointly prepared draft Notice to the certified classes consistent with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 31, 2022

Kenneth D. Bell
United States District Judge