# EXHIBIT A

## SETTLEMENT AGREEMENT OF CLASS AND
## COLLECTIVE ACTION
## AND RELEASE OF CLAIMS

**A-1: Proposed Notice;**
**A-2: Proposed Claim Form**

# SETTLEMENT AGREEMENT OF CLASS AND COLLECTIVE ACTION AND RELEASE OF CLAIMS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CA No. 3:20-cv-00276-KDB-DSC

| | |
|---|---|
| MANUEL ROLDAN, on behalf of himself and all others similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| BLAND LANDSCAPING COMPANY, INC., | ) ) |
| *Defendant.* | ) ) ) |

## STIPULATION AND SETTLEMENT AGREEMENT

Named Plaintiff Manuel Roldan, on behalf of himself and on behalf of Opt-in Plaintiff and all members of the Settlement Class and Settlement Collective Action defined herein, and their counsel of record, and Defendant Bland Landscaping Company, Inc., ("Defendant" or "Defendant Bland") and their counsel of record, and subject to the terms and conditions hereof and final approval by the Court, hereby enter into this stipulation of settlement ("Agreement"). This settlement is intended to fully, finally, and forever compromise, release, resolve, discharge, and settle the released claims subject to the terms and conditions set forth in this Agreement. The instant action shall be dismissed with prejudice upon final approval of this settlement by the Court. The parties agree that they are entering into a compromise of a disputed claim and that this settlement is not an admission of liability or the validity of the claims or defenses.

## I.      RECITALS AND BACKGROUND

### A.      The Nature of the Case and Claims Raised

Plaintiff Manuel Roldan ("Plaintiff") worked as a Foreman for Defendant across various locations in Apex, Charlotte, Leland, Durham, Chapel Hill, Matthews and Wake Forest, North Carolina. He asserts claims on behalf of himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.6, 95-25.22(a), (a1), and (d). Plaintiff claims Defendant: (1) maintained a corporate policy of failing to compensate Plaintiffs for all hours worked, including, but not limited to work performed during scheduled meal breaks; (2) maintained a corporate policy of failing to compensate for all hours worked, including but not limited to, overtime under the FLSA and the NCWHA; (3) suffered one (1) hour automatic deductions from daily shifts, irrespective of whether lunch breaks were taken; and (4) taking unauthorized deductions from Foremen's wages for unlawful charges. Plaintiff alleges that all Foremen were

2

subject to these systemic policies and practices that violate both the FLSANCWHA. At bottom, Plaintiff claims Defendant improperly used the fluctuating workweek methodology, to compensate Foremen on a half-time basis, (in lieu of time and one-half), for hours over 40 per week. *See* 29 C.F.R. § 778.114(a)(2). Defendant denies the allegations and defended against them in this litigation.

### B. Procedural History of the Case

Plaintiff filed this case on May 13, 2020, against Defendant. Dkt. 1. On July 9, 2020, Defendant filed its Answer to Plaintiff's Complaint. Dkt. 8. On July 30, 2020, the Parties filed their Certification and Report pursuant to Fed. R. Civ. P. 26(f). Dkt. 11. On August 6, 2020, the Court entered its Case Management Order ("CMO") approving and ordering the Parties' proposed discovery plan in this matter. Dkt. 12. Immediately thereafter, the Parties engaged in discovery, and pursuant to a Notice of Deposition under Fed. R. Civ. P. 30(b)(6), Defendant's 30(b)(6) designee was deposed on December 3, 2020. To date, one (1) additional Foreman has filed his consent to become a party Plaintiff.[1] On February 3, 2021, Defendant filed its Motion for Judgment on the Pleadings. Dkt. 18. That same day, Plaintiff filed his Motion for Conditional/Class Certification. Dkt. 19. On February 10, 2021, Plaintiff filed his Response in Opposition to Defendant's Motion for Judgment on the Pleadings. Dkt. 23. On February 18, 2021, Defendant filed his Reply in Support of his Motion for Judgment on the Pleadings. Dkt. 25. On March 4, 2021, Defendant filed its Response to Plaintiff's motion for conditional/class certification. Dkt. 26. On March 15, 2021, Plaintiff filed his Reply in Support of his Motion for Conditional/Class Certification. Dkt. 28.

---

[1] *See* J.M. Surles's Consent to Sue Form. Dkt. 15-1.

On March 16, 2021, the Magistrate Judge entered his Memorandum and Recommendation, denying Defendant's Motion for Judgment on the Pleadings. Dkt. 29. On March 30, 2021, Defendant filed its Objections to the Memorandum and Recommendation ("M&R"). Dkt. 30. On April 12, 2021, Plaintiff filed his Reply to Defendant's Objections to the M&R. Dkt. 31. On January 31, 2022, the Court adopted the Court's M&R, denying Defendant's Motion for Judgment on the Pleadings. Dkt. 35. On February 1, 2022, the Court granted in part Plaintiff's Motion for Conditional/Class Certification. Dkt. 36. On February 15, 2022, the Parties filed a Joint Motion for an Extension of Filing Deadline, to file a proposed class action notice as directed by the Court in its Order granting class certification. Dkt. 37.

On February 22, 2022, the Parties entered into a formal Mediation Agreement and filed a Joint Motion to Stay Litigation, for an opportunity to engage in confidential mediation for potential class-wide resolution. Dkt. 38. On February 24, 2022, the Court granted the Parties Joint Motion to Stay Litigation. Dkt. 39. Pursuant to the Parties' Mediation Agreement, Defendant provided Plaintiff with time and payroll data, and other confidential materials for the entire class, so that Plaintiff could engage in a full damages analysis. On March 28, 2022, the Parties filed a Joint Status Report, advising the Court that mediation was scheduled for April 21, 2022 with Bob Boston from Nashville, Tennessee. Dkt. 40. Consistent with the Parties' Mediation Agreement, Plaintiff served Defendant with a formal settlement demand and damages analysis, thoroughly describing the methodology used to calculate class-wide damages. April 21, 2022, the Parties mediated, with the assistance of the mediator, Bob Boston, reached a class-wide settlement. The Parties filed a Notice of Settlement on April 22, 2022.

4

### C. Parties' Statements and Recognition of the Benefits of Settlement

#### 1. Plaintiff's Statement

Plaintiff believes the claims asserted in the Litigation on behalf of Plaintiffs have merit under the FLSA and North Carolina law. However, Plaintiff recognizes the uncertainty of the outcome and the risk of loss in any litigation, including this one. Further, Plaintiff has considered the cost and delay of continued proceedings necessary to prosecute the instant action against Defendant through class certification, additional discovery, dispositive motions, trial, and appeal. Plaintiff believes that the settlement set forth in this Agreement confers substantial benefits on members of the Settlement Class and Settlement Collective Action. Based on his evaluation, Plaintiff has determined that the settlement is in the best interest of Named Plaintiff, the Opt-in Plaintiff, and the other members of the Settlement Class and Settlement Collective Action. Named Plaintiff understands, acknowledges, and agrees that Defendant has since updated the applicable policies under which he originally sued in the Lawsuit.[2]

#### 2. Defendant's Statement

Defendant denies each and all of the claims alleged by Plaintiff in the Litigation. Defendant expressly denies any and all charges of wrongdoing or liability alleged in the instant action. To the contrary, Defendant contends that, in compliance with applicable state and federal laws, its Foremen have been paid all wages due. As a result, Defendant believes Plaintiff's claims for unpaid wages, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs will fail. Nevertheless, Defendant has taken into account the uncertainty and risks inherent in any litigation and the fact that the conduct of the Litigation would be protracted, expensive, and

---

[2] Specifically, Defendant Bland Landscaping compensates its employees a fixed salary irrespective of whether they work under forty (40) hours or they work in excess of 40 hours.

5

disruptive to its business. Defendant, therefore, has determined it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Agreement without admitting liability, fault, or any wrongdoing whatsoever.

## II.   DEFINITIONS AND PRELIMINARY REQUIREMENTS

### A.   Definitions

As used throughout this Agreement, the following terms have the meanings specified below:

1.   **"Authorized Claimant"** means any member of a Settlement Class or Settlement Collective Action who is entitled to a Settlement Payment, as defined herein, if he or she timely submits the required claim form, as described herein in Parts III.B and IV.A.3 *infra*. However, notwithstanding the foregoing, any opt-in Plaintiff who previously opted into this action and who otherwise falls within the definition of the Settlement Class or Settlement Collective Action will not be required to submit a required claim form, as these individuals have already opted into the action and have actively participated in the prosecution of this action. As such, they are automatically entitled to a Settlement Payment.

2.   **"Approval Date"** means the date the Court enters an order finally approving the Settlement Agreement as contemplated by the Parties.

3.   **"Claims Process"** means the process by which Settlement Collective/Class Members make a claim for payment from the Gross Settlement Fund.

4.   **"Class Counsel"** means the attorneys representing the Settlement Collective/Class Members in the Litigation: The Law Offices of Gilda A. Hernandez, PLLC, 1020 Southhill Drive, Suite 130 Cary, NC 27513.

6

5.      **"Defendant"** refers to Bland Landscaping, Inc., including its past, present, and future members, parent companies, affiliates, clients, divisions, partners, affiliated organizations, subsidiaries, and predecessors and successors in interest, and their respective past, present, and future officers, directors, shareholders, employees, agents, principals, heirs, assigns, representatives, accountants, auditors, consultants, attorneys, fiduciaries, both individually and in their official capacities, employee benefits plans, and insurers.

6.      **"Defendant's Attorneys"** refers to the attorneys representing Defendant in the Litigation: Nelson Mullins Riley & Scarborough LLP, 1320 Main Street, 17th Floor, Columbia, SC 29201.

7.      **"Effective Date"** means the date by which the following have occurred: (i) the date of final execution of the Stipulation and Settlement Agreement executed by representatives of Named Plaintiff and Defendant; (ii) final approval from the U.S. District Court for the Western District of North Carolina; and (iii) the period for appealing the Court's final order approving the settlement expires without an appeal being filed or, if such an appeal is filed, the date on which the appeal is finally resolved with the settlement approved in a form and substance substantially identical to the form and substance of the final approval order with respect to all material terms, including any decision by the United States Supreme Court.

8.      **"Final Settlement Hearing"** means the hearing to be conducted by the U.S. District Court for the Western District of North Carolina to determine whether to finally approve the settlement explained herein.

9.      **"Gross Settlement Amount"** refers to Two Million Fifty Thousand Dollars ($2,050,000.00), which is the total and maximum amount Defendant will be required to pay under this settlement to completely resolve and settle the claims against Defendant in the Litigation. The

7

Gross Settlement Amount expressly includes, but is not necessarily limited to, the following elements: (i) Cash Settlement Payments to Authorized Claimants, as described in this Agreement; (ii) Service Awards, as described herein; (iii) Plaintiffs' Attorney's Fees, payable as described herein; (iv) Plaintiffs' Litigation Expenses, as described herein; and (v) Defendant's share of the payroll taxes, as set forth below.

10. **"Litigation"** refers to the civil action filed on May 13, 2020, in the U.S. District Court for the Western District of North Carolina, *Roldan v. Bland Landscaping, Inc.*, No. 3:20-cv-00276-KDB-DSC.

11. **"Members"** refers to members of a Settlement Class as defined herein and members of the Settlement Collective Action as defined herein.

12. **"Motion for Preliminary Approval"** refers to the motion for preliminary approval of this settlement and its supporting papers.

13. **"Named Plaintiff"** means Manuel Roldan.

14. **"Named Plaintiff's Service Award"** means a sum, as explained in Part III.C.3 *infra*, and as authorized by the U.S. District Court for the Western District of North Carolina to be paid to the Named Plaintiff in recognition of his service to the Settlement Class and Settlement Collective Action in the Litigation.

15. **"Notice of Settlement"** refers to the official notice of settlement of class action and final fairness hearing, substantially in the form attached hereto as Exhibit 1.

16. **"Opt-in Plaintiff"** means any individual who, pursuant to 29 U.S.C. § 216(b), filed a written consent with the U.S. District Court for the Western District of North Carolina in the Litigation, asking to participate in Plaintiff's claims under the FLSA as a party

8

plaintiff prior to the date of this Agreement, and who falls within the definition of the FLSA collective action as set forth in section II.A.27.a.

17.    **"Opt-in Plaintiff Service Award"** refers to a sum, as explained in Part III.C.3 *infra*, and as authorized by the U.S. District Court for the Western District of North Carolina to be paid as a Settlement Payment to the Opt-In Plaintiff, not including the Named Plaintiff, in recognition of his service to the Settlement Class and Settlement Collective Action in the Litigation.

18.    **"Order Granting Preliminary Approval"** refers to the order or statement of decision in the Litigation granting preliminary approval to this settlement.

19.    **"Plaintiff"** means Manuel Roldan, individually and on behalf of all Opt-in Plaintiffs defined herein, and all members of the Settlement Classes defined herein, and their past, present, or future agents, heirs, assigns, representatives, and their respective successors and predecessors in interests.

20.    **"Plaintiff's Attorney's Fees"** refers to the fee amount to be paid to Plaintiffs' Attorneys under the terms of this Agreement, as authorized by the U.S. District Court for the Western District of North Carolina which shall not exceed one third of the Gross Settlement Amount.

21.    **"Plaintiff's Attorneys"** means the attorneys representing Plaintiffs in the Litigation: The Law Offices of Gilda A. Hernandez, PLLC, 1020 Southhill Drive, Suite 130 Cary, NC 27513.

22.    **"Plaintiff's Litigation Expenses"** means the litigation costs and expenses, incurred by Plaintiff in connection with the Litigation, which shall be paid to Plaintiff's Attorneys

9

under the terms of this Agreement, as authorized by the U.S. District Court for the Western District of North Carolina.

23. **"Releasor"** means each and every Named Plaintiff, Authorized Claimant and member of a Settlement Class.

24. **"Revised Gross Settlement Amount"** refers to the portion of the Gross Settlement Amount available for distribution as cash Settlement Payments to Authorized Claimants, as described in Parts III.C *infra*. The Revised Gross Settlement Amount is equal to Gross Settlement Amount less: (i) Named and Opt-in Plaintiff's Service Awards, as described herein; (ii) Plaintiff's Attorney's Fees, as described herein; and (iii) Plaintiff's Litigation Expenses, as described herein.

25. **"Settlement Administrator"** refers to a firm, mutually agreed upon by Plaintiff and Defendant and approved by the Court, to effectuate the settlement by issuing notice of the settlement, collecting required claim forms, distributing Settlement Payments, and any other tasks specified in this Agreement or by order of the Court.

26. **"Settlement Class"** is defined as follows:

a. "NCHWA Class," which corresponds to Plaintiffs' NCWHA Rule 23 class claims, means all non-exempt Foremen who were or are employed by Defendant in North Carolina at any time from May 13, 2018, through the Effective Date, who were subject to Defendant's policies of using a fluctuating workweek method of compensation, who were subject to deductions from their pay, and/or deductions from any promised wages.

27. **"Settlement Collective Action"** is defined as follows:

a. "FLSA Collective," which corresponds to Plaintiffs' FLSA Collective claims, means all non-exempt Foremen filing an opt-in form by completing the

10

Claims Process, who were or are employed by Defendant in North Carolina at any time from February 22, 2017, through the Effective Date, who were subject to Defendant's policies of using a fluctuating workweek method of compensation, who were not compensated for all hours worked, including hours over 40 per week.

28. **"Settlement Expenses"** means all expenses associated with administering the settlement, including, but not limited to, the costs of the Settlement Administrator, the costs of mailing the Notice of Settlement, and the costs of disbursing the settlement proceeds, which shall be determined by the Settlement Administrator prior to the mailing of the Notice of Settlement.

29. **"Settlement Payments"** means the amounts to be paid to individual Authorized Claimants from the Revised Gross Settlement Amount.

## B. Court Approval of Settlement

Settlement of the Litigation is contingent upon final Court approval of the Agreement. The parties agree that Plaintiff will move the Court for preliminary and subsequently final approval of the settlement described herein. Defendant will not oppose Plaintiff's motions seeking approval of this settlement, provided they are afforded the opportunity to review and provide input into such motions before they are filed with the Court.

As part of the approval process, Plaintiff will request Service Awards for the Named Plaintiff, and for the Opt-in Plaintiff, as set forth herein. Defendant agrees not to oppose such a request, so long as it does not exceed the amounts referenced in Part III.C.3, *infra*. Further, Plaintiff's Attorneys will petition the Court for an award of Plaintiff's Attorney's Fees and Plaintiff's Litigation Expenses, as set forth herein. Defendant agrees not to oppose such a petition, so long as the amount of Plaintiff's Attorney's Fees sought does not exceed one-third of the Gross Settlement Amount, as defined herein.

11

## III. SETTLEMENT PAYMENT AND ALLOCATION

### A. Defendant's Payment of Maximum Gross Settlement Amount

In order to settle the Litigation, and as consideration for Plaintiff's release of claims, dismissal of the Litigation, the covenants and promises set forth in this agreement, and the other good and valuable consideration described herein that Plaintiff is providing to Defendant, Defendant agrees to pay up to $2,050,000.00, the Gross Settlement Amount, which shall be used to provide for: (i) cash Settlement Payments to Authorized Claimants, as described in this Agreement; (ii) Service Awards, as described herein; (iii) Plaintiff's Attorney's Fees, payable as described herein; (iv) Plaintiff's Litigation Expenses, as described herein; (v) Settlement Expenses, as defined herein; and (vi) the employer's share of taxes due on portions of any settlement attributable to wages as explained in Part III.D., *infra*.

Pursuant to this Agreement, Defendant will not be required to pay any amount over the Gross Settlement Amount.

### B. Claims Made Procedure

Any member of a Settlement Class or Settlement Collective Action who is not a Named Plaintiff or current Opt-in Plaintiff must return a simple claim form (which also serves as an opt-in form for the FLSA collective action), a copy of which is included as Exhibit 2, to receive a Settlement Payment. To the extent that any member of the Settlement Class or Settlement Collective Action does not timely submit the required claim form or chooses to opt out of the settlement, their share of the Revised Gross Settlement Amount will remain the sole and exclusive property of Defendant.

12

### C. Allocation of Settlement Payments, Minimum Settlement Payments, and Service Awards

All Settlement Payments, not including Named and Early Opt-in Plaintiffs' Service Awards (which will be paid out of the Gross Settlement Amount, as stated in Part III(a), *supra*), shall be paid from the Revised Gross Settlement Amount. The Revised Gross Settlement Amount will be divided among the Authorized Claimants as described herein.

### 1. Estimated Unpaid Wages[3]

Plaintiffs' Attorneys calculated the unpaid wages due for members of the Settlement Class and Settlement Collective Action, using Defendant's payroll data. The estimate was made as follows:

Considering workweeks from three years prior to the filing of the lawsuit through February 24, 2022 , the number of shifts worked by a Member each week was determined by Defendant's payroll records. Plaintiff compared the actual (including the unrecorded hours worked) hours worked by Plaintffs to the recorded hours paid by Defendant to compute damages. Plaintiff took the additional one (1) hour worked per day for working lunch breaks and multiplied this number by the number of days worked. Plaintiff added unpaid weekly time to the weekly hours worked on Defendant's payroll records, to determine the unpaid/unrecorded hours worked. Plaintiff

---

[3] Plaintiffs' damages analysis was based on the claims discussed above: (1) automatic one (1) hour lunch deduction; (2) illegal charges for uniforms; and (3) improper calculation of overtime hours worked due to the fluctuating workweek policy, which was calculated on a half-time instead of time and one-half basis. The unpaid overtime was calculated using Defendant's payroll records, including data related to regular pay rates, as well as shifts and hour worked each week. However, for North Carolina Rule 23 class members, the unpaid straight and/or overtime was calculated for the one (1) hour unpaid lunch breaks given § 95-25.6 of the NCWHA, which Plaintiff claims permits the recovery of straight-time for all hours worked, two-years preceding the filing of Plaintiffs' Complaint through the end date of the payroll information provided. For the FLSA putative Plaintiffs, damages were computed at three years preceding July 13, 2020. Defendant does not concede the validity of these claimed damages, but agrees to the compromise of the disputed claims.

estimated that the alleged *unpaid* lunch breaks per day totaled approximately five (5) hours per week. The corrected wages Plaintiff alleges were due to each Member were calculated by using the corrected regular rate for all hours up to 40 hours per week, and the corrected regular rate multiplied by 1.5 for all time worked over 40 hours per week. Potential damages were calculated for each employee by taking the difference between the corrected wages Plaintiffs allege were due and the actual wages paid each week, and adding up the total. Defendant disputed these estimates and associated calculations.

### 2. Settlement Payments

Plaintiff will provide the Settlement Administrator with the calculation of unpaid wages for each Member of a Settlement Class or Settlement Collective Action as described in paragraph 1, *supra*, by the production ID numbers provided by Defendant. Defendant will provide the Settlement Administrator with the name, address, phone number, email address (when available), and social security number for each Member, as well as employee ID number to match with the calculation provided by Plaintiff. Named and Opt-in Plaintiff shall receive their unpaid wages plus an equal amount of their liquidated damages as calculated by Plaintiffs' Counsel. Additionally, Members of the Settlement Class and Settlement Collective shall be entitled to receive payment under this Agreement, subject to the requirement of submitting a claim form as described in Part IV.A.3 *infra*. Individual Settlement Payments for members of the Settlement Class and Collective will be calculated as follows:

(a) Calculate an "Individual Numerator," which equals each Member's unpaid backwages (exclusive of any claims for liquidated damages or interest), calculated as described in part III.C.1, *supra*.

(b)     Calculate a "Total Denominator," which equals the Individual Numerator of all Members, added together.

(c)     Calculate each Member's "Share Percentage," which equals the Individual Numerator divided by the Total Denominator.

(d)     Multiply the Share Percentage by the Revised Gross Settlement Amount to determine each Member's settlement amount.

(e)     If a Member's settlement amount equals less than $100, that Member's "Individual Settlement Payment" will be $100 or the Opt-in Plaintiff guaranteed amount.

(f)     Remove all Members who receive a guaranteed minimum payment pursuant to step (e), subtract the payments received by those Members from the Revised Gross Settlement Amount, and repeat steps (a) through (e) for the remaining Members, until each Member's payment is equal to or greater than $100 to calculate the "Individual Settlement Payment."   The sum total of all Individual Settlement Payments after completion of these steps will not exceed the Revised Gross Settlement Amount.

 To the extent the Court does not grant these requests, Class Counsel will recalculate the individual Settlement Payments prior to issuing checks to Authorized Claimants. Inidividual Settlement Paymentsshall not be recalculated based in any way on class participation.

**3.     Named Plaintiff and Early Opt-in Plaintiff's Service Awards**

In addition to the Settlement Payment due to Named and Early Opt-in Plaintiffs under the allocation formula, Plaintiff will request Named and Early Opt-in Plaintiffs' Service Awards, in the amount of $75,000 for Named Plaintiff Manuel Roldan and $25,000, for Opt-In Plaintiff, J.M. Surles in recognition of their assistance in the investigation of the case and preparation for

15

mediation. Defendant agrees not to oppose such a request. Such service awards shall be paid from the Maximum Gross Settlement Amount.

### D. Tax Treatment

The settlement fund shall be a qualified settlement fund under 26 U.S.C. § 468B.

The parties agree that each Settlement Payment to be issued to each Authorized Claimant pursuant to this Agreement shall be separated into two amounts: 50 percent shall be allocated to the claims asserted in the Litigation for unpaid wages; and 50 percent shall be allocated to the claims asserted in the Litigation for liquidated damages and interest. The portion of each Settlement Payment allocated to claims of unpaid overtime and other wages will be subject to authorized or required deductions, including employee-paid payroll tax withholdings required by law, garnishments, etc. The portion of each Settlement Payment allocated to liquidated damages and interest shall be reported as non-wage income to the recipient. Named and Opt-in Plaintiffs' Service Payments shall be reported as non-wage income to the recipient.

The Settlement Administrator will report the portion of the Settlement Payment made to each Authorized Claimant attributable to wages on an I.R.S. Form W-2, and the portion of the Settlement Payment attributable to non-wages on an I.R.S. Form 1099. The Settlement Administrator shall be responsible for issuing the settlement checks, less required withholdings and deductions, to each Authorized Claimant and mailing the settlement checks, Form W-2s, and Form 1099s to each such individual.

## IV. SETTLEMENT ADMINISTRATION

The parties agree that Angeion Group, a neutral third party, shall serve as the Settlement Administrator for this settlement, if approved by the Court. To that end, as part of his Motion for Preliminary Approval, Plaintiff shall request that the Court approve Angeion to serve in this

16

capacity and order Angeion to perform the specific tasks assigned to the Settlement Administrator in this Agreement or by order of the Court, and only those tasks, unless otherwise agreed to by the Parties. This shall include the issuance of the agreed Notice of Settlement, substantially in the form attached hereto as Exhibit 1, to all members of the Settlement Class and Settlement Collective Action defined herein after entry of the Order Granting Preliminary Approval of the settlement outlined in this Agreement.

**A.** **Settlement Administrator and Notice**

**1.** **Providing and updating contact information for members of the Settlement Classes**

Within 14 days after the date the Court enters an Order Granting Preliminary Approval of this Agreement, Plaintiff will provide the Settlement Administrator with the names and last known mailing addresses for the Named Plaintiff and Opt-in Plaintiff. Within that same time period, Defendant will provide the Settlement Administrator with the Social Security number and Employee ID number for Named Plaintiff and Opt-in Plaintiff, as well as the name, last known mailing address, email address, phone numbers, Employee ID number, and Social Security number for all other members of the Settlement Class and Settlement Collective from Defendant's records. This information will remain confidential and will not be disclosed to anyone other than the Settlement Administrator and Plaintiff's Counsel, or as described in this Agreement, with the exception of applicable taxing authorities or pursuant to express written authorization by the party providing the information or by court order. To ensure that the Settlement Administrator has the most up to date addresses possible, the Settlement Administrator shall update all addresses the parties provide for the members of the Settlement Classes and Settlement Collective Action using the national change of address database and, after mailing the Notice of Settlement as described in Part IV.A.2, *infra*, by performing a "skiptrace," as described in Part IV.A.2, *infra*, for any notice

17

that is returned undeliverable.  Any fees or costs incurred by the Settlement Administrator in updating addresses are Settlement Expenses and are included in the Gross Settlement Amount.

### 2. Mailing/Emailing/Texting the Notice of Settlement and Related Materials

Within 30 calendar days after the Court enters an Order Granting Preliminary Approval of the Agreement, the Settlement Administrator will text, mail and email the Notice of Settlement. The Notice of Settlement shall consist of a single mailing to all members of the Settlement Class and Settlement Collective Action defined herein.  The Settlement Administrator shall issue the Notice of Settlement by First Class U.S. Mail using envelopes that include the names and logos of Plaintiffs' Attorneys' law firm, in addition to emailing and texting[4] a link of the Notice and emailing the Notice, to ensure proper delivery and notice to all Members of the Settlement Class and Settlement Collective Action.  Either the first E-mail and/or Notice may contain language, advising Members of the Settlement Class and Settlement Collective Action that the claim form may be found attached to a subsequent email or by directing them to a case website; however, Members of the Settlement Class and Settlement Collective Action  may also contact the Settlement Administrator or Class Counsel to obtain the claim form. Along with the Court-approved Notice of Settlement, the Settlement Administrator shall mail the claim form that members of the Settlement Class and Settlement Collective Action are required to complete in order to receive Settlement Payments, as discussed in Part III.B, *supra*, and Part IV.A.3, *infra*, and a postage pre-paid return envelope.  If any notice is returned undeliverable, the Settlement

---

[4] The proposed brief message to be sent via text message is "You may be eligible to participate in a settlement between foremen in North Carolina and Bland Landscaping for unpaid wages. Visit [URL] for details." The Parties understand changes may be needed to the proposed text, given character constraints and the unknown length of the URL.

18

Administrator will perform a "skiptrace" and make reasonable efforts to find an updated address and re-send the notice via U.S. mail. If the skiptrace does not yield an updated address (or notice sent to such updated address is returned undeliverable), but the skiptrace does yield an email address or cell phone number, then notice may be sent using email providing a link to the full notice.

**3. Responses to the Notice of Settlement**

The Notice (which will be in both English and Spanish) of Settlement will inform the Settlement Class and Settlement Collective Action that any member of a Settlement Class or Settlement Collective Action who is not a Named Plaintiff or Opt-in Plaintiff must return a simple claim form, a copy of which is included as Exhibit 2, to receive a Settlement Payment. Members of the Settlement Class and Settlement Collective Action shall have 45 calendar days following the mailing of notice to postmark, email, submit electronically, or fax required claim forms to the Settlement Administrator. In the event a member of the Settlement Class or Settlement Collective Action submits the required claim form in a timely manner (i.e., emailed, faxed, postmarked within the 45 days of the mailing of the Notice of Settlement), but the claim form is missing a signature, the Settlement Administrator will (no later than 14 calendar days of receipt of the unsigned form) return the deficient document to the Member with a letter explaining the signature is required and stating that the Member will have 10 calendar days from the date the notice was mailed to resubmit the document with a signature. The envelope containing the resubmitted, signed claim form must be postmarked within 10 calendar days of the date the notice is mailed to the Member to be considered timely, unless the signed form is received by the Settlement Administrator via facsimile or email within 10 calendar days of the date the notice is mailed. The Settlement Administrator's

19

decision on whether a form has been "signed" shall be binding on the parties and the individual member of the Settlement Classes.

The Notice of Settlement will also explain the option for members of the Settlement Class who are not Named or Opt-In Plaintiffs to opt out of the settlement.

Members of the Settlement Class who are not Named or Opt-In Plaintiffs and who wish to opt out of the settlement must submit a written statement expressly asserting that he or she wishes to be excluded from the settlement. Such written statements should state at the top of the letter "Request for Exclusion from Settlement in *Roldan et al. v. Bland Landscaping, Inc.,*No. 3:20-cv-00276-KDB-DSC," and should include the name, address, telephone number, and signature of the Member requesting exclusion from the settlement. All written requests for exclusion must be returned by First-Class U.S. Mail to the Settlement Administrator and must be postmarked no later than 45 calendar days from the postmark of the Notice of Settlement sent to members of the Settlement Classes. Any member of the Settlement Class who requests exclusion from the settlement will not be eligible to receive a Settlement Payment and cannot object to the settlement.

In the event that any Members of the Settlement Class timely and properly submit a written request for exclusion, and also timely submit the required claim form necessary to receive a Settlement Payment, or also timely submit an objection to the Settlement, the Settlement Administrator shall contact such Members, inform them that they cannot request exclusion from the settlement and request a Settlement Payment and/or object to the settlement, and shall ask such Members which option they wish to pursue. Any member of the Settlement Class who requests exclusion from the settlement will not be legally bound by the terms of the Agreement or the final order approving the settlement. In contrast, any member of the Settlement Class who does not return a valid and timely written request for exclusion will be bound by all terms of the Agreement

20

and the final order approving the settlement, regardless of whether they have objected to the settlement.

Additionally, the Notice of Settlement will inform the Settlement Class of their right to object to the settlement and that to do so they must file with the U.S. District Court for the Western District of North Carolina, and serve on counsel for the parties, either a written statement objecting to the settlement or a written notice of their intention to appear and object at the Final Settlement Hearing. Such written statement or notice must be filed and served within 45 calendar days after the mailing date of the Notice of Settlement. Persons who are included in the Settlement Class or Settlement Collective Action who fail to timely file and serve written objections or notice of intention to appear and object in the manner specified above will be deemed to have waived any objections and will be foreclosed from making any objection to the settlement, whether by appeal or otherwise.

Within 75 days of the mailing of the Notice of Settlement, the Settlement Administrator shall provide to counsel for both parties a declaration from an appropriate agent or agents working for it, stating under penalty of perjury: (a) the names and addresses of all individuals who were mailed, texted, and e-mailed Notice; (b) whether each such individual timely and properly submitted the required claim form to receive a Settlement Payment and, if so, the amount of that payment; (c) the identity of all such individuals who validly and timely requested exclusion from the settlement by unique identifier; and (d) whether each such individual was a member of the Settlement Collective Action, or member of a Settlement Class. The names and addresses of those individuals who were mailed Notice shall be maintained in a confidential manner, and used solely to confirm to individuals who inquire whether or not they were mailed notice. Such declaration

will be filed with the Court prior to any fairness hearing for the Court's consideration in determining whether final approval of the settlement will be granted.

### 4. Notice to Regulators.

Within 30 calendar days after the Court enters an Order Granting Preliminary Approval of the Agreement, the Settlement Administrator will provide a near-final draft of any notice package to Defendant's counsel so that Defendant may give appropriate notice to the U.S. Attorney General and the N.C. Attorney General (or to any state or federal regulator subsequently identified by Defendant) under 28 U.S.C. § 1715. Class Counsel and the Settlement Administrator agree to direct any questions about the settlement received from any state or federal regulator to Defendant's counsel unless prohibited by law or compelled with valid legal process.

### B. Communications Regarding the Settlement, Claims Against Defendant, and the Parties to the Litigation.

### 1. Public Comment and Non-disclosure

Prior to the submission of this Agreement to the Court for preliminary approval, none of the parties, nor any counsel, shall communicate any terms of this settlement to any third parties except as necessary to effectuate the settlement or as required by law.

After the Court has granted preliminary approval, then the parties may communicate about this Agreement with third parties as follows:

a.   Plaintiff's Attorneys may update their firm website's discussion of this Litigation to note the settlement and refer individuals to a website maintained by the Settlement Administrator. The information permitted on Plaintiff's Attorney's website is limited to the caption, case number, a court name, without any commentary

22

about the claims or defenses and only that the parties have a reached a preliminary settlement requiring court approval. .

b.     Defendant may communicate internally about the Agreement, but if they are going to direct communications to members of the Settlement Class or Settlement Collective Action, then the text of such communications must be agreed upon by the parties first, as in IV.B.1.a.

c.     Plaintiff's Attorneys shall remain free to discuss this Litigation or Agreement directly with any member of the Settlement Class or Collective Action.

d.     No party shall issue a press release or otherwise seek press coverage of the Agreement. If asked for comment on the Agreement, parties and their counsel shall state only that this Litigation has been resolved satisfactorily, by agreement of the parties.

e.     The parties agree that, other than as provided for in this Agreement, or as required by law, Named Plaintiff, Opt-in Plaintiff, Authorized Claimants, Plaintiffs' counsel, Defendant, and Defendant's counsel will not disclose the amount paid to any Member, or the Settlement Amount (Gross or Revised) under this Agreement to any third parties, except to immediate family, attorneys, or tax counselors or Defendant's auditors, regulators, examinors or other similarly-situated third parties with whom such information would be shared in the ordinary course of business.

23

f.    Nothing in this agreement shall foreclose Plaintiff's Attorneys from listing the existence and resolution of this Litigation in applications to be appointed class counsel in other cases.

g.    Plaintiff's Attorneys and Defendant's Attorneys shall be permitted to list the existence of the settlement and the Gross Settlement Amount in confidential applications for awards from legal periodicals and associations. Any such disclosures must stipulate that the existence of the settlement and the Revised Gross Settlement Amount will remain confidential and will not be published by the legal periodical or association.

h.    Plaintiff's Attorneys and Defendant's Attorneys shall be permitted to discuss at professional legal conferences and seminars any aspect of the Litigation that is a part of the public record.

## 2.    Non-Solicitation

The Named Plaintiff, Opt-in Plaintiff, and Plaintiffs' Attorneys will not contact, solicit, or otherwise encourage other current or former employees of Defendant or their affiliates to assert claims against Defendant or their affiliates. However, should one of Defendant's current or former employees who is not already a Named Plaintiff or Opt-in Plaintiff contact Plaintiff's Attorneys about a potential claim against Defendant, Plaintiff's Attorneys will be free to follow their professional judgment in advising such an individual about a potential claim regarding Defendant.

Class Counsel agrees that if any Class Member (1) opts-out of, or objects to, the settlement, and (2) retains, or attempts to retain, Class Counsel, then Class Counsel will contact Defendant and its counsel 45 days before filing any additional legal action related to the Released Claims and

24

to use their best efforts to attempt to negotiate a resolution in good faith. Class Counsel and Defendant understand and acknowledge that there is no guarantee of a resolution upon similar terms or proportions as this settlement, or any guarantee of a resolution whatsoever, but Class Counsel and Defendant agree that good faith attempts at a resolution before additional litigation is in the Parties' best interests. This provision shall not be construed to limit Class Counsel's professional judgment or the best interests of any potential client in violation of any ethical rule or obligation, but is intended only to impose a non-binding pre-suit conference requirement.

### C.    Plaintiff's Attorneys' Fees and Litigation Expenses

Plaintiff's Attorneys may make an application to the U.S. District Court for the Western District of North Carolina for an award of Plaintiff's Attorney's Fees and an award of Plaintiff's Litigation Expenses.  The amount of the Plaintiff's Attorney's Fees will not exceed one third of the Gross Settlement Amount.  Such application shall be filed in connection with the Motion for Preliminary Approval of the Agreement and this settlement.  Defendant will not oppose any such application for fees or costs, provided that Plaintiff's Attorneys do not seek to recover attorney's fees in excess of one third of the Gross Settlement Amount.

If the Court rules that any amounts requested by Plaintiff's Attorneys as an award of Plaintiffs' Attorney's Fees or Plaintiffs' Litigation Expenses are excessive or improper, and reduces the same, only the reduced amounts will be deemed to be Plaintiff's Attorney's Fees and Plaintiff's Litigation Expenses for purposes of this Agreement.  Any remaining or reduced amounts shall be added to the Revised Gross Settlement Amount available for distribution to Authorized Claimants.

Payment of such Plaintiff's Attorney's Fees and Plaintiff's Litigation Expenses to Plaintiff's Attorneys as set forth in this Agreement, and payment of Settlement Expenses, shall

constitute full satisfaction of any and all obligations by Defendant to pay any person, attorney, or law firm (including but not limited to Plaintiff's Attorneys) for attorneys' fees, expenses, or costs (including but not limited to any fees, costs, and expenses related to any experts and/or consultants and any fees, costs, and expenses associated with mediation) incurred on behalf all members of the Settlement Class and Settlement Collective Action, and shall relieve Defendant of any other claims or liability to any person for any attorneys' fees, expenses, and costs to which any person may claim to be entitled on behalf of any members of the Settlement Class and Settlement Collective Action for this Litigation. Upon payment of Plaintiff's Attorney's Fees and Plaintiff's Litigation Expenses hereunder, and payment of Settlement Expenses, Plaintiff's Attorneys, the Authorized Claimants and Settlement Class members shall release Defendant from any and all claims for attorneys' fees, expenses, and costs relating to this Litigation.

Plaintiffs' Attorney's Fees and Litigation Expenses, shall be paid solely from the Gross Settlement Amount.

**D.** **Funding of Gross Settlement Amount and Payments from Gross Settlement Amount.**

**1.** **Defendant's payment of the Gross Settlement Amount**

No later than 30 days after the Effective Date, the Settlement Administrator shall establish a Qualified Settlement Fund, which will be maintained by the Settlement Administrator. Within five (5) days after the Settlement Administrator establishes a Qualified Settlement Fund or 45 days after the Court enters an Order Granting Preliminary Approval of the Agreement, whichever is later, Defendant shall deposit into the Qualified Settlement Fund, the necessary portion of the Maximum Gross Settlement Amount required to satisfy the approved attorneys' fees and costs and submitted claim forms.

26

### 2. Settlement Administrator's issuance of Settlement Payments to Authorized Claimants

Within twenty-one (21) calendar days of when Defendant's payment of the Gross Settlement Amount is received by the Settlement Administrator, the Settlement Administrator will issue Settlement Payments by U.S. Mail to each Authorized Claimant.

Those members of the Settlement Classes who have properly and timely opted out of the settlement are not Authorized Claimants and are not entitled to a Settlement Payment. Additionally, any member of a Settlement Class or Settlement Collective Action who is not a Named Plaintiff or Opt-in Plaintiff who did not timely return a claim form, a copy of which is included as Exhibit 2, is not an Authorized Claimant and is not entitled to any Settlement Payments. The Settlement Administrator's determination of whether a Member of the Settlement Class or Settlement Collective Action is an Authorized Claimant will be conclusive and binding on all members of a Settlement Class or Settlement Collective Action, subject to the dispute resolution provisions of this Agreement as set forth in Part IV.E, *infra*.

Each Authorized Claimant who is entitled to receive a Settlement Payment will have 180 calendar days from the date on which the Settlement Payment is mailed to negotiate his or her settlement check. If any settlement check is not negotiated in that period of time, that settlement check will be voided, and a stop-payment will be placed on the settlement check. Any individual Settlement Payments which remain unclaimed for any reason 180 calendar days following the mailing of the Settlement Payment shall be deemed unclaimed. In such event, the Authorized Claimants whose Settlement Payment is unclaimed will be deemed to have irrevocably waived any right in or claim to any Settlement Payment, but the Agreement and release of claims contained therein nevertheless will be binding upon them. Such unclaimed funds shall be distributed to a *cy*

27

*pres* recipient.  The *cy pres* recipient will be the Save the Children Federation, Inc.,[5] which is a charity organized under § 501(c)(3), Internal Revenue Code.

Neither Defendant, counsel for Defendant, Plaintiffs' Attorneys, Plaintiffs, nor the Settlement Administrator shall have any liability for lost or stolen settlement checks, for forged signatures on settlement checks, or for unauthorized negotiation of settlement checks.  Without limiting the foregoing, in the event an Authorized Claimant notifies the Settlement Administrator that he or she believes that a settlement check has been lost or stolen, the Settlement Administrator shall immediately stop payment on such check.  If the settlement check in question has not been negotiated prior to the stop payment order, the Settlement Administrator will issue a replacement check, from which the fees associated with the stop payment order will first be deducted.  Any Authorized Claimant who receives a re-issued check will have a minimum of 45 calendar days to negotiate such re-issued check from the date of its mailing, or 180 days from the date of the original check, whichever is longer.  If any settlement check is not negotiated in that period of time, that settlement check will be voided.

The Settlement Administrator will issue to each Authorized Claimant an I.R.S. Form W-2 for the portion of his or her Settlement Payments attributable to wages, an I.R.S. Form 1099 for the portion of his or her Settlement Payment attributable to non-wages, and an I.R.S. Form 1099 for his or her pro rata share of the Plaintiff's Attorney's Fees and Plaintiff's Litigation Expenses provided to Plaintiff's Attorneys pursuant to this Agreement and settlement.  These tax forms may be issued and mailed to Authorized Claimants at the same time as the Settlement Payment is mailed, at an appropriate time thereafter.

---

[5] *See* Guidestar.org; *see also* savethechildren.org (Ukrainian Efforts)

### 3. Settlement Administrator's Payment of Plaintiff's Attorney's Fees and Plaintiff's Litigation Expenses

Plaintiff's Attorney's Fees and Plaintiffs' Litigation Expenses, as authorized by the Court, will be paid by the Settlement Administrator from the Gross Settlement Amount within five (5) calendar days after receipt of the Gross Settlement Amount, or within five calendar days of a court order in this Litigation awarding Plaintiff's Attorney's Fees and Plaintiff's Litigation Expenses to Plaintiff's Attorneys, whichever is later.

The Settlement Administrator will issue an I.R.S. Form 1099 to Plaintiff's Attorneys firms for the payments to Plaintiff's Attorneys firms. Plaintiff's Attorneys' firm will provide the Settlement Administrator with completed I.R.S. Form W-9s.

### 4. Settlement Administrator's Payment of Named Plaintiff's Service Awards.

The Named and Opt-in Plaintiff's Service Awards, if authorized by the Court, will be paid by the Settlement Administrator from the Gross Settlement Amount. Defendant shall deposit into the Qualified Settlement Fund the necessary portion of the Maximum Gross Settlement Amount required to satisfy the approved Service Awards within five (5) days after the Settlement Administrator establishes a Qualified Settlement Fund or 45 days after the Court enters an Order Granting Preliminary Approval of the Agreement, whichever is later. The Settlement Administrator will pay the Named and Early Opt-In Plaintiffs' Service Awards ordered by the Court directly to the individuals ordered by the Court to receive such payments within 5 calendar days of Defendant's deposit of these amounts into the Qualified Settlement Fund.

At an appropriate time following the issuance of such Named and Opt-in Plaintiffs' Service Awards, the Settlement Administrator will issue to each recipient an I.R.S. Form 1099 that accounts for the payment of the Named and Early Opt-In Plaintiffs' Service Awards.

29

E.    **Termination of the Settlement Agreement**

1.    **Grounds for Settlement Termination:**

This Agreement may be terminated if the Court declines to enter an order granting preliminary approval, an order granting final approval to this settlement, or judgment in substantially the same form as that submitted by the parties, or the Agreement does not become final for any other reason, or a Court of Appeals reverses the entry of an order granting final approval to this settlement or a final judgment in this Litigation following such an order, provided that the parties agree to work cooperatively and in good faith to address and resolve any concerns identified by the Court in declining to enter an order granting preliminary approval, an order granting final approval to this settlement, or judgment in the form submitted by the parties.

2.    **Procedures for Termination:**

To terminate this Agreement on the ground specified above, the terminating Counsel (i.e., Plaintiffs' Attorneys or counsel for Defendant) shall give written notice to the opposing counsel no later than 5 business days after the time for any appeal from the applicable court action expires.

3.    **Effect of Termination:**

In the event that this Agreement is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the Litigation is barred by operation of the law, is invalidated, is not approved or otherwise is ordered not to be carried out by any court:

(a)    The Agreement shall be terminated and shall have no force or effect, and no party shall be bound by any of its terms;

(b)    In the event the Agreement is terminated, Defendant shall have no obligation to make any payments to any Plaintiff, any member of the Settlement Classes or Settlement Collective Action, or Plaintiffs' Attorneys' fees or expenses.

30

(c)     Any Order Granting Preliminary Approval, granting final approval to this settlement, and/or judgment, including any order of class certification, shall be vacated;

(d)     The Agreement and all negotiations, statements, and proceedings relating thereto, shall be without prejudice to the rights of any of the parties, all of whom shall be restored to their respective positions in the action prior to the settlement;

(e)     Neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Litigation or any other action; and

(f)     The parties shall continue to be bound by the confidentiality provisions of the Court's Order Staying Litigation for Non-Binding Mediation (ECF No. 39).

## V.     OTHER SETTLEMENT PROVISIONS

### A.     Release of Claims

To settle the Litigation, and as consideration for Defendant's payment of the Gross Settlement Amount, and the other good and valuable consideration described herein, Plaintiffs agree to release any claims they may have against Defendant only as described herein.

### 1.     Description of released claims

As of the Effective Date, Named Plaintiff, Authorized Claimant, and Members of the Settlement Class hereby forever completely settle, compromise, release, and discharge Defendant from (i) any and all claims asserted in the Litigation; and (ii) any and all claims for unpaid wages, minimum wages, overtime, or promised wages, damages, or related injunctive relief including but not limited to claims under North Carolina state law, including but not limited to the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq*., and other applicable law, including wage payment claims, and other statutory and common law theories regarding

31

wages. In addition to the foregoing, as of the Effective Date, Named Plaintiff, Authorized Claimant, and Members of the Collective Class hereby forever completely settle, compromise, release, and discharge Defendant from any and all claims for unpaid wages, minimum wages, overtime, or promised wages, damages, or related injunctive relief, including but not limited to claims under the federal FLSA, 29 U.S.C. § 201, *et seq.* The settlements, compromises, releases, and discharges described in this paragraph shall extend to any such claims that arose at any time up to the date on which the Court grants final approval of the settlement.

## 2. General Release by Named Plaintiff and Opt-In Plaintiff Surles

Named Plaintiff and Opt-In Plaintiff J.M. Surles additionally agree to a general release of all claims against Defendant as permitted under the law that arose at any time up to the date on which the Court grants final approval of the settlement. Thus, Named Plaintiff and Opt-In Plaintiff J.M. Surles hereby forever completely settle, compromise, release, and discharge Defendant from any manner of action and actions, cause and causes of action, claims, demands, damages, losses, expenses, and attorneys' fees whatsoever, in law or in equity, known or unknown, arising from or pertaining to any transaction, dealing, employment relationship, conduct, act or omission, or any other matter or event existing or occurring at any time prior to the date on which the Court grants final approval of the settlement. Further, and without in any way limiting the foregoing, the claims waived and released by Named Plaintiff and Opt-In Plaintiff J.M. Surles include any possible or alleged deprivation of rights based on any term or condition of employment, employment benefits or promises, compensatory or punitive damages, as well as costs and attorneys' fees of any and all counsel whom he has retained or whom he may in the future retain in regard to those matters. Named Plaintiff and Opt-In Plaintiff J.M. Surles further acknowledge and expressly agree that they are waiving any and all rights they may have had or now have to pursue any claim relating to alleged

32

breach of contract, personal injuries, emotional distress, loss of consortium, reputational injury as well as any and all claims of discrimination or retaliation, including but not limited to, any claim of discrimination based on age, sex, race, national origin, age, disability, or on any other protected category basis, including but not limited to Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act of 1990, the Age Discrimination in Employment Act, the Equal Pay Act of 1963, the Civil Rights Act of 1866, the Family & Medical Leave Act of 1993 (including any amendments to these Acts), as well as under any other analogous law of the State of North Carolina or any other state, and all other laws and regulations relating to employment. This release shall not be construed to waive any claims that may arise after the date the Court grants final approval of the settlement or any claims that are not deemed to be waivable under state or federal law. This Agreement does not preclude Named Plaintiff and Opt-In Plaintiff J.M. Surles from filing of any administrative charge or claim with the Equal Employment Opportunity Commission, the National Labor Relations Board, or similar federal or state agencies; however, it does preclude Named Plaintiff and Opt-In Plaintiff J.M. Surles from any recovery from Defendant on the basis of any charge or claim.

### 3.      Recognition of binding nature of release

The parties agree that, as of the Effective Date, all Authorized Claimants and members of the Settlement Classes will be bound by the terms and conditions of this Agreement, the order by the U.S. District Court for the Western District of North Carolina, or any other court taking jurisdiction of the Litigation, granting final approval to the Agreement and this settlement, the final judgment in the Litigation, and the releases set forth herein.

**B.     Dispute Procedure**

Except as otherwise set forth herein (see Parts V.K, *infra*, & IV.E, *supra*), in the event of a dispute concerning the proper interpretation of the Agreement, the enforcement of this Agreement, the parties' rights or obligations under the Agreement, or any alleged breach of the terms of the Agreement, notice must be mailed to counsel for the opposing party as provided in Part II.Y, *infra*.  After receipt of such notice, the parties shall meet and confer in a good faith attempt to resolve the matter for 10 calendar days.

**C.     Assignment of Claims**

Defendant and its counsel, and Plaintiff's Attorneys, and Plaintiffs, represent, covenant and warrant that they have not directly or indirectly, assigned or transferred to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

The parties further agree that this Agreement will be binding upon, and inure to the benefit of, the parties, and their respective heirs, trustees, executors, successors, legal administrators, and assigns.

**D.     Denial of Liability**

Defendant denies that it has failed to comply with the law in any respect, or has any liability under the claims asserted in the Litigation.  The parties acknowledge that this Agreement is entered into solely for the purpose of compromising disputed claims and that nothing herein is an admission of liability, wrongdoing, or the propriety of collective or class treatment by Defendant. Neither the Agreement nor any document prepared in connection with the settlement may be admitted in any proceeding as an admission by Defendant.  Notwithstanding this paragraph, any and all provisions of this Agreement may be admitted in evidence and used in any proceeding to

34

enforce the terms of this Agreement or in defense of any claims released or barred by this Agreement.

Additionally, no party will be considered a prevailing party in this Litigation for any purpose, except with respect to the evaluation of Plaintiffs' motion for an award of attorneys' fees, for which Plaintiffs will be treated as a prevailing party.

Named Plaintiff understands, acknowledges, and agrees that Defendant has since updated the applicable policies under which he originally sued in the Lawsuit.

### E.    Construction and Interpretation

The parties hereto agree that the terms and conditions of the Agreement are the result of lengthy, intensive, arms-length negotiations among the parties, through counsel, and the Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of the Agreement.

Paragraph and section titles are inserted as a matter of convenience for reference, and in no way define, limit, extend, or describe the scope of this Agreement or of its provisions. With the exception of Part I, *supra*, each term of this Agreement is contractual and not merely a recital.

All exhibits attached to the Agreement, and referenced herein, are incorporated into the Agreement by such references and are a material part of this Agreement. Any notice or other exhibit that requires approval of the Court must be approved without material alteration from its current form for this Agreement to become effective.

This Agreement shall be governed by and enforced in accordance with the laws of the State of North Carolina without regarding to conflict of law rules. The Parties consent that jurisdiction and venue is proper in the State of North Carolina for any action arising out of, under or in connection with this Agreement, and that venue is proper exclusively in the state and/or federal

35

courts located in North Carolina, for any action arising out of, under or in connection with this Agreement.

### F. Modification

This Agreement, and any of its parts, may be amended, modified, or waived only by an express written instrument signed by all signatories below or their successors-in-interest.

### G. Counterparts

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument. Delivery of an executed counterpart of a signature page of this Agreement by electronic means will be effective as delivery of an originally executed counterpart of this Agreement. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

### H. Return of Confidential Materials

Plaintiff and Plaintiff's Attorneys agree to return to Defendant or destroy all confidential materials produced by Defendant during the course of the Litigation, including informal discovery in preparation for mediation, within 60 calendar days of the Effective Date. This includes all copies of such confidential materials, whether in hardcopy or electronic format. However, Plaintiffs' Attorneys may retain a copy of all pleadings filed in this matter, including any exhibits thereto. Further, Plaintiffs' Attorneys may retain any work product that refers to or quotes from discovery documents. Plaintiffs' Attorneys will notify Defendant in writing if they or Plaintiffs elect to destroy the confidential materials. Plaintiff and Plaintiff's Attorneys agree not to send or otherwise disseminate the confidential materials to any other individual or entity before its return or destruction.

### I. Parties Shall Cooperate to Effectuate Settlement

The parties shall cooperate with each other to achieve the purpose of this Agreement, and shall execute such other and further documents and take such other and further actions as may be necessary or convenient to effect the transaction described herein.

### J. Notices, Demands, and Communications Concerning the Settlement

Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by First Class U.S. Mail, addressed as follows:

To Plaintiffs, Named Plaintiff, Opt-in Plaintiff, members of the Settlement Class or Settlement Collective Action, and/or Plaintiffs' Attorneys:

Gilda Adriana Hernandez, Esq.
Charlotte C. Smith, Esq.
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
ghernandez@gildahernandezlaw.com
csmith@gildahernandezlaw.com

To Defendant and/or counsel for Defendant:
Debbie Whittle Durban (NCSB No. 46918)
Matthew A. Abee (NCSB No. 46949)
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
1320 Main Street / 17th Floor
Columbia, SC 29201
(803) 799-2000
debbie.durban@nelsonmullins.com
matt.abee@nelsonmullins.com

### K. Form and Content Resolution

The parties agree they must reach agreement on the form and content of the Agreement and its exhibits, as well as: Plaintiff's unopposed motion for preliminary approval of the settlement and authorization to send notice to members of the Settlement Classes and Settlement Collective

37

Action concerning the settlement and the final fairness hearing; a proposed order granting the same unopposed motion; the notice to be sent to members of the Settlement Classes and Settlement Collective Action concerning the settlement; Plaintiffs' unopposed motion for final approval of the settlement; and a proposed order granting the same unopposed motion. Plaintiffs shall move for approval of the settlement and Defendant shall not oppose such a motion, provided that they are afforded the opportunity to review and provide input into all motion papers before they are filed with the Court.

The parties appoint as an arbitrator Bob Boston to resolve any disputes as to the terms or settlement language to be included in the Agreement, motions for approval, notices, or related proposed orders.

**L.     Authorization**

Plaintiffs' Attorneys warrant and represent that they are fully authorized by Plaintiffs, and the Defendant's Attorneys warrant and represent that they are fully authorized by Defendant, to take all appropriate action required or permitted by this Agreement. The parties agree to fully cooperate with each other to accomplish the terms of the settlement and this Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of the Agreement. The parties to the Agreement shall use their best efforts, including all efforts contemplated by the Agreement and any other efforts that may become necessary by order of the U.S. District Court for the Western District of North Carolina, or any other court taking jurisdiction over the Litigation, or otherwise, to effectuate the Agreement and the terms set forth herein.

### M.     Dismissal

Upon entry of a final order approving this Agreement, Plaintiff agrees to execute all documents necessary to dismiss with prejudice any and all claims raised against Defendant in the Litigation.  But if an appeal leads to reversal of approval of this Agreement, then the parties agree that the claims will be reinstated as if never dismissed as described in Part IV.E.3

### N.     Reasonableness of Settlement

The parties believe that this is a fair, reasonable, and adequate settlement and have arrived at this settlement through arms-length negotiations, taking into account all relevant factors, present and potential.

### O.     Integration Clause

After this Agreement is fully executed by all parties, it will constitute the entire Agreement of the parties and fully supersedes any and all prior agreements or understandings, written or oral, between the parties pertaining to the subject matter hereof, including, but not limited to, any and all written and oral agreements reached between the parties during the mediation that resulted in this Agreement.  Among other things, this integration clause applies to the parties' Confidential Mediation Agreement entered into by the parties on February 22, 2022, and the Confidential Mediated Terms Sheet entered into by the parties on May 10, 2022.

### P.     No Tax Advice

The Parties agree that no tax advice has been given by any party or counsel and that each party is relying on the advice of its own tax consultants.

### Q.     Partial Invalidity.

If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions, and

39

Case 3:20-cv-00276-KDB-DSC   Document 43-1   Filed 06/06/22   Page 41 of 58

provisions of this Agreement will remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the rest of the Agreement shall remain binding upon the Parties.

R.     Survival.

All representations and warranties in this Agreement will survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to in this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement:

Dated: Jun 3, 2022

By Manuel Roldan (Jun 3, 2022 10:30 EDT)
Named Plaintiff Manuel Roldan,
Individually and on behalf of the Members

Dated: 6/6/2022

By Gilda A. Hernandez
Gilda A. Hernandez, Esq.
Charlotte C. Smith, Esq.
LAW OFFICES OF GILDA A. HERNANDEZ, PLLC
Attorneys for Plaintiffs

Dated: _____

By _____
President of Bland Landscaping, Inc.,
For Defendant

Dated: _____

By _____
Debbie Whittle Durban, Esq.
Matthew A. Abee., Esq.
NELSON MULLINS RILEY

40

provisions of this Agreement will remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the rest of the Agreement shall remain binding upon the Parties.

      **R.    Survival.**

      All representations and warranties in this Agreement will survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to in this Agreement.

      IN WITNESS WHEREOF, the undersigned have duly executed this Agreement:


Dated: _____      By _____
                                      Named Plaintiff Manuel Roldan,
                                      Individually and on behalf of the Members


Dated: _____      By _____
                                        Gilda A. Hernandez, Esq.
                                      Charlotte C. Smith, Esq.
                                      LAW OFFICES OF GILDA A. HERNANDEZ, PLLC
                                      Attorneys for Plaintiffs


Dated: June 3, 2022      By _____
                                        Vice President of Bland Landscaping, Inc.,
                                        For Defendant


Dated: June 4, 2022      By _____
                                          Debbie Whittle Durban, Esq.
                                        Matthew A. Abee., Esq.
                                        NELSON MULLINS RILEY
                                      & SCARBOROUGH LLP
                                      Attorneys for Defendant

# EXHIBIT A-1

## PROPOSED NOTICE

# NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND HEARING ON PROPOSED SETTLEMENT

## *Roldan et al. v. Bland Landscaping, Inc.*
## CA NO. 3:20-CV-00276-KDB-DSC

[Class Member Name]
[Mailing Address 1]
[Mailing Address 2]
[City, State ZIP]
Your Individual Claim Form Number: [Unique Claimant ID Number]
Your Individual Claim Form Passcode: [PASSCODE]

## IF YOU WORKED AS A FOREMAN FOR BLAND LANDSCAPING, INC. IN NORTH CAROLINA, PLEASE READ THIS NOTICE ABOUT YOUR RIGHTS.

*This is a Court-authorized Notice. This is not a solicitation from a lawyer.*

- A former foreman, Manuel Roldan, has sued Bland Landscaping Company, Inc. (referred to in this notice as "Defendant") claiming Defendant failed to pay all wages, including compensation pursuant to a fixed salary for all hours worked if, during any given week, they worked less than forty (40) hours.

- Bland Landscaping Company, Inc. disputes these claims and has defended against the lawsuit. It denies its pay practices violated the law in any way. The foreman acknowledges that Defendant has since modified its policies referred to in the lawsuit.

- The Court has allowed the lawsuit to be certified as a class action under the North Carolina Wage and Hour Act ("NCWHA") and as a collective action under the Federal Fair Labor Standards Act ("FLSA") on behalf of foremen affected by Defendant's pay policies.

- The Court has not decided whether Defendant did anything wrong, but the parties have proposed a settlement of this case without admitting liability or wrongdoing of any kind, and the Court has authorized notice of that proposed settlement to people who may be eligible to participate in it.

- You have received this Notice because records indicate that you were employed by Bland Landscaping as a Foreman in North Carolina between February 22, 2017, and April 21, 2022. Your rights are affected by this settlement, and if you return the claim form, you will receive a monetary payment under the settlement.

***Your legal rights are affected whether you act or not.*** These options are explained below.

| HERE ARE YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN A CLAIM FORM, RECEIVE A SETTLEMENT PAYMENT** | **To receive a settlement payment,** if the Court approves the settlement, **you must complete the claim form provided with this notice** and return it to the Settlement Administrator. You will also be bound by the release of claims explained below and give up the right to sue Defendant separately. |
| **DO NOTHING, DO NOT RECEIVE A SETTLEMENT PAYMENT** | **If you do nothing**, and do not return the claim form, **you will not receive a settlement payment**, but you may still be bound by the release of claims explained below. |
| **OPT OUT, DO NOT RECEIVE A SETTLEMENT PAYMENT** | **You may ask to be excluded** from the settlement. If you request exclusion, **you will not receive a settlement payment** and will not be bound by the release of claims explained below and cannot object to the settlement. |

## You must return the enclosed claim form by [MAIL DATE + 45 DAYS] to receive a payment from this settlement.

## BASIC INFORMATION

| 1.  WHY AM I GETTING THIS NOTICE? |
|---|

You have received this notice because records indicate that you worked during the relevant time period as a Foreman for Defendant in North Carolina. Plaintiff Manuel Roldan on behalf of himself and other similarly situated foremen, filed a lawsuit against Defendant on May 13, 2020. Plaintiff claims Defendant did not pay Foremen for all hours worked due to working lunch breaks and that Defendant's fluctuating workweek policy failed to account for the proper payment of overtime hours worked, as well as that Bland Landscaping took unauthorized deductions from Foremen's wages, including for uniforms. Plaintiffs claim that Defendant violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.6, 95-25.22(a), (a1), and (d).

Bland Landscaping denies all of the claims in the lawsuit and maintains that it has not engaged in any wrongdoing. It denies its pay practices violated the law in any way.

The Court in charge of the case is the United States District Court for the Western District of North Carolina, and the case is known as *Roldan et al. v. Bland Landscaping, Inc.*, Case No. CA No. 3:20-cv-00276-KDB-DSC.

The individual who sued is called the Plaintiff, and the company they sued, Bland Landscaping, is called the Defendant.

Litigation is risky, and neither side can predict the outcome with certainty. As a result, Plaintiff and his counsel concluded, after careful consideration of the facts and circumstances following the exchange of extensive information and data and participation in a mediation, that the proposed settlement is fair, reasonable, and adequate, and is in the best interests of the opt-in plaintiffs and class members. This settlement avoids the costs and inconvenience associated with each phase of litigation (such as class certification, discovery, dispositive motions, and trial) while providing cash benefits to opt-in plaintiffs and class members. Similarly, Defendant has chosen to settle this matter and make payments to current and former employees solely for the purpose of avoiding disruption to its business and further expense of litigation.

You have a right to know about a proposed settlement of a class action lawsuit, and your options, before the Court decides whether to approve the settlement. If the Court approves it and after any appeals are resolved, an administrator appointed by the Court will make the payments described here.

## WHO IS INCLUDED IN THE NOTICE AND SETTLEMENT?

| 2. AM I PART OF THIS SETTLEMENT? |
|---|

- You are eligible to participate in the settlement if you were employed by Bland Landscaping as a foreman in North Carolina between February 22, 2017, and April 21, 2022.

- If you return the claim form by the deadline, you are part of the FLSA collective, and will receive a payment.

- If you were a foreman employed by Bland Landscaping in North Carolina after May 13, 2018, you are automatically part of the class and subject to the terms of the settlement. However, you will still need to return the claim form to receive a payment.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 3. WHAT DOES THE SETTLEMENT PROVIDE? |
|---|

The total amount of the settlement is $2,050,000. The settlement amount will mostly be allocated to Defendant's current and former employees who worked as foremen and who are eligible for the settlement, but it will also be used to pay for attorneys' fees and costs awarded by the Court, payroll taxes, and service awards to Named Plaintiff and Opt-In Plaintiff who previously joined this lawsuit ("Select Opt-in Plaintiff"), to the extent approved by the Court. Because the settlement amount other than fees, costs, and service awards, will be allocated to individual awards for eligible employees, if eligible employees do not submit a claim form, the portion of the settlement allocated to them will not be paid out, reducing the total amount of the settlement. Any amount not claimed will be returned to Defendant.

Plaintiffs will ask the Court to award Named Plaintiff Manuel Roldan and Select Opt-in Plaintiff J.M. Surles a collective $100,000 in service awards, to be divided among these individuals pursuant to the terms in Section III.B.3 of the settlement agreement between the parties dated June 6, 2022 (the "Settlement Agreement"). The service awards requested would be paid to these individuals in addition to their regular settlement payment, for their role as named and opt-in plaintiffs and prosecuting this lawsuit on the behalf of all Class Members, their assistance and support in prosecuting this case. The Court has not yet ruled on whether it will award these amounts. The Court may deny these requests or award less than these amounts. The Court will make a determination on the reasonableness of these requests at a later date.

The settlement also provides that if any class member does not return the claim form, the class member will not receive payment.

---

**4. WHAT AM I GIVING UP IF I REMAIN IN THE SETTLEMENT?**

If you are part of the class, and you do not exclude yourself from the settlement by [**MAILING DATE + 45DAYS**] using the procedure explained below in Section 10, you will be deemed to have forever released and discharged Defendant and certain affiliated individuals and entities from any claims brought in this action before [**Date Court Grants Preliminary Approval**]. That means you will waive all wage and hour claims through the date the settlement is approved. However, if you do not exclude yourself, but also do not submit a claim form, you will not waive your claims under the Fair Labor Standards Act, only other wage and hour claims, and you will not receive a settlement payment.

If you are part of the FLSA collective and you return the claim form, then you will be bound by the same release of claims. That means you will waive wage and hour claims that arise before [**Date Court Grants Preliminary Approval**]. If you are part of the FLSA collective and you **do not** return the claim form, you will **not** be bound by the terms of the release and you retain the right to sue Defendant for any valid FLSA claims, subject to the statute of limitations and any other defenses Defendant may have.

This release of claims against Defendant (which includes its past, present, and future members, parent companies, affiliates, clients, divisions, partners, affiliated organizations, subsidiaries, and predecessors and successors in interest, and their respective past, present, and future officers, directors, shareholders, employees, agents, principals, heirs, assigns, representatives, accountants, auditors, consultants, attorneys, fiduciaries, both individually and in their official capacities, employee benefits plans, and insurers) specifically includes:

- Any and all claims asserted in this litigation;

- Any and all claims for unpaid wages, minimum wages, overtime, or promised wages, damages, or related injunctive relief including but not limited to claims under North Carolina state law, including but not limited to the NCWHA, and other applicable law, including wage payment claims, and other statutory and common law theories regarding wages; however,

- This release does not apply to any claim of any type arising on or after the date the settlement has received final approval from the U.S. District Court for the Western District of North Carolina.

## THE LAWYERS REPRESENTING YOU

| 5. | DO I HAVE A LAWYER IN THIS CASE? |
|---|---|

Opt-in plaintiffs and class members who do not request exclusion from the settlement are represented in this case by the following attorneys and law firm:

> Gilda Adriana Hernandez, Esq.
> Charlotte Claire Smith, Esq.
> **THE LAW OFFICES OF GILDA A.**
> **HERNANDEZ, PLLC**
> 1020 Southhill Drive, Suite 130
> Cary, NC 27513
> (919) 741-8693
> www.gildahernandezlaw.com
> rkreuz@gildahernandezlaw.com

The Court decided that these lawyers and law firm are qualified to represent the settlement class members in this case. These lawyers are called "Class Counsel." You can contact Class Counsel if you have questions about this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 6. | HOW WILL THE LAWYERS BE PAID? |
|---|---|

Class Counsel will ask the Court to approve payment of up to one-third of the gross settlement amount (**$683,333.33**) to compensate them for their services in this matter. Class Counsel will also ask the Court to approve reimbursement for their costs spent in litigating this case, which are currently estimated to be approximately $30,000.00. Class Counsel will file a motion with the Court setting out the bases for their requested costs and fees. At a later date, the Court will decide whether Class Counsel's request is reasonable.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 7. | HOW CAN I GET A PAYMENT? |
|---|---|

To receive a settlement payment, you must timely complete and sign the claim form and return it to the Settlement Administrator (1) by U.S. Mail in the postage pre-paid envelope sent with the mailed notice or (2) through the online portal at [**WEBSITEURL.com**].

You will need your unique Individual Claim Form Number and Passcode, listed on page one of this notice, to submit an online claim form.

To be considered timely, any completed forms returned to the settlement administrator by U.S. Mail must be postmarked no later than [==MAIL DATE + 45==].  You can also complete a claim form electronically on the settlement administrator's website [==WEBSITEURL.com==].

Any completed forms completed on the website must be submitted no later than [==MAIL DATE + 45==].

If you lose, misplace, or need another one of these forms, additional copies can be downloaded at the settlement administrator's website [==WEBSITEURL.com==].  Alternatively, you can contact the settlement administrator by telephone at ==(***) ***-****== to request a new copy.

| 8. | HOW MUCH CAN I EXPECT TO RECEIVE? |
|----|-----------------------------------|

Your payment depends on (1) the number of workweeks you worked during the Class Period; and (2) the amount of unauthorized deductions taken from your wages each workweek.

Your settlement payment will be calculated using the formulas set forth in the Settlement Agreement, and assuming that the Court approves and awards the other amounts requested to be paid from the Gross Settlement Amount, which were discussed in Sections 3 and 6.

Each settlement payment will be separated into two amounts:  50% will be allocated to the claims asserted in the lawsuit for wage-related damages, and 50% will be allocated to the claims asserted in the lawsuit for liquidated damages and other relief.  The portion allocated to claims asserted in this lawsuit for unpaid overtime and other wage-related damages will be subject to all authorized or required deductions, just as if it were a regular paycheck, including, but not limited to:  local, state and federal taxes. The portion allocated to wage claims will be reported on an I.R.S. Form W-2.  The portion allocated to liquidated damages and other relief will be reported as non-wage income and reported on an I.R.S. Form 1099.

Certain payroll taxes will also be paid from the Gross Settlement Amount, but you will be responsible for the payment of any amounts you receive as a part of this settlement.  No tax advice has been given by any party or counsel involved in this case; each Class Member is relying on the advice of its own tax consultants.

| 9. | WHEN WOULD I GET MY PAYMENT? |
|----|------------------------------|

If you are eligible to participate in the settlement and timely provide the form described in Section 7 above, you will be sent a settlement check approximately 45 days after the Effective Date of the settlement.  Before the settlement is effective, however, settlement class members must be given time to object to the settlement or opt-out, the Court must hold a hearing to consider the fairness of the settlement and grant final approval of the settlement, and any appeals of the court's order granting final approval must be resolved.  Please be patient.

Please watch your mail for a check and cash it when you get it.

**You will have 180 days from issuance of the check to cash it.  The check will be void**

**after 180 days**.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 10. HOW DO I GET OUT OF THE SETTLEMENT? |
|---|

If you do not wish to be part of this settlement, you may elect to "opt out" by excluding yourself from this action and the associated settlement and judgment. Class members who opt out of this action and FLSA class members who do not return a claim form, would remain free, subject to the statute of limitations, to bring claims against Defendant that are covered by this settlement and release. Defendant would assert defenses and litigate against such claims; you would not be able to use the Settlement Agreement, this notice, and related documents as evidence to support such claims. Defendant is resolving this matter without admitting liability, fault, or any wrongdoing whatsoever and reserves the right to assert any applicable defenses to similar claims.

If you decide to opt out, you will not be allowed to object to this settlement. The deadline to opt out is [**MAIL DATE + 45**].

This deadline is final, and forms not postmarked or submitted before the pertinent deadline will not be honored. **IF YOU OPT OUT OF THE SETTLEMENT, YOU WILL NOT RECEIVE A PAYMENT.**

To opt out, you must submit a written statement to the settlement administrator expressly stating that you wish to be excluded from the settlement. Such requests for exclusion should state at the top of the letter "Request for Exclusion from Settlement in *Roldan et al. v. Bland Landscaping, Inc.*, Case No. 3:20-cv-00276-KDB-DSC." Also be sure to include your name, address, telephone number, and signature. All written requests for exclusion must be sent by First-Class U.S. Mail, postmarked no later than [**MAIL DATE + 45**] to:

> *Roldan et al. v. Bland Landscaping, Inc.* Settlement Administrator
> c/o [Name of Settlement Administrator]
> **\*\*\*\*\*\*\*\*\***
> **\*\*\*\*\*\*\*\*\*\*, \*\* \*\*\*\*\*-\*\*\*\***
> **[WebsiteURL.com]**

You cannot exclude yourself by phone or by e-mail. Requests for exclusion that do not include all required information, or that are not timely postmarked, will be deemed null, void, and ineffective.

| 11. IF I DO NOT EXCLUDE MYSELF, CAN I SUE DEFENDANT FOR THE SAME THING LATER? |
|---|

If you are receiving this notice, you have been identified as a class member for purposes of this lawsuit. As a class member, unless you exclude yourself, you give up any right to sue Defendant for the claims that this settlement resolves, which are set forth in Section 4 above. If you have a pending lawsuit asserting the claims resolved by this settlement, speak to your lawyer in the

pending lawsuit immediately. You must exclude yourself from this settlement to continue your own lawsuit against Defendant regarding the claims resolved by this settlement.

| 12. | IF I EXCLUDE MYSELF FROM THE SETTLEMENT, CAN I GET MONEY FROM THIS SETTLEMENT? |
|---|---|

No.

## OBJECTING TO THE SETTLEMENT

| 13. | HOW DO I OBJECT OR TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT? |
|---|---|

You can ask the Court to deny approval of the settlement by filing an objection with the Court. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

To object, you must send a letter to the Court, Class Counsel, and counsel for Defendant giving the reasons why you object to the proposed settlement. The top of your letter should be labeled with the name and case number of this lawsuit ("*Roldan v. Bland Landscaping, Inc.*, Case No. 3:20-cv-00276-KDB-DSC") and must include: (i) your full name, address, telephone number, the approximate dates of your employment with Defendant, and the location in North Carolina where you worked; and (ii) each specific reason for your objection, including any legal or evidentiary support you have for your objection.

**You must mail copies of the objection to the Court, Class Counsel, and counsel for Bland Landscaping (addresses below), postmarked no later than [MAIL DATE + 45]:**

THE COURT
Clerk of Court
U.S. District Court for the
Western District of North Carolina
401 West Trade Street, Room 1301
Charlotte, NC 28202

COUNSEL FOR DEFENDANT
Debbie Whittle Durban, Esq.
Matthew A. Abee, Esq.
**NELSON MULLINS RILEY
SCARBOROUGH LLP**
1320 Main Street, 17th Floor,
Columbia, SC 29201

CLASS COUNSEL
Gilda A. Hernandez, Esq.
Charlotte C. Smith, Esq.
**THE LAW OFFICES OF GILDA A.
HERNADNEZ, PLLC**
1020 Southhill Dr., Ste. 130
Cary, NC 27513

If you file a timely written objection, you may (but are not required to) appear at the Fairness Hearing, described in Section 16, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

| 14. | WHAT HAPPENS IF THE COURT REJECTS MY OBJECTION? |
|---|---|

The Court will consider any objections that are timely filed. This does not mean, however, that the Court will necessarily take action based on any objection. If the Court rejects your objection, you will still be bound by the terms of the settlement and the release of claims explained in Section 4 above.

Moreover, if you intend to object to the settlement, but still wish to receive a settlement payment, you must timely file the required claim form described in Section 7 above. If the Court approves the settlement despite your objections, and you have not timely filed the required form necessary to receive a settlement payment, you will not receive a settlement payment.

| 15. | WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING? |
|---|---|

Objecting is telling the Court you do not like something about the settlement. You can object only if you stay in the settlement. If you exclude yourself from this lawsuit, you are telling the Court you do not want to be part of the lawsuit or settlement. If you request to be excluded from the lawsuit, you have no basis to object to the settlement, because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

| 16. | WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? |
|---|---|

The Court preliminarily approved this settlement on **[INSERT APPROVAL DATE]**. The Court will hold a final hearing (sometimes called a fairness hearing) on this settlement on **[INSERT HEARING DATE]**. This hearing will take place in in Courtroom #____, Charles R. Jonas Federal Building, United States Courthouse, 401 West Trade Street, Charlotte, NC 28202, Judge Frank D. Whitney presiding. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the decision will take.

| 17. | DO I HAVE TO COME TO THE HEARING? |
|---|---|

No. Attendance at this hearing is completely optional. It is not required to participate in the settlement or opt out of the lawsuit.

| 18. | MAY I SPEAK AT THE HEARING? |
|---|---|

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear at Hearing on Final Approval of Class Settlement in *Roldan et al. v. Bland Landscaping, Inc.*, Case No. 3:20-cv-00276-KDB-DSC." Be sure to include your full name, address, telephone number, and signature. Your notice of intention to appear must be postmarked no later than [**MAIL DATE + 45**], and be sent to the Clerk of Court, and to Class Counsel and Counsel for Bland Landscaping at the addresses listed above in Section 13. You cannot speak at the hearing if you have opted out of the lawsuit.

9

**IF YOU DO NOTHING**

| 19. WHAT HAPPENS IF I DO NOTHING AT ALL? |
|---|

You have the right to do nothing. If you do nothing, however, you will not receive any money from this proposed settlement. In addition, unless you timely return a written request for exclusion, you will be bound by the Court's orders in this lawsuit and the release of claims explained in Section 4 above. You will not be able to start a legal action, continue with a legal action, or be part of any other legal action against Defendant regarding, involving, or in any way related to the claims resolved by this settlement.

**NO RETALIATION OR DISCRIMINATION**

| 20. If I AM A CURRENT EMPLOYEE, WILL I EXPERIENCE ANY RETALIATION? |
|---|

No. It is against the law to retaliate or discriminate against an employee who decides to participate in this settlement agreement. Defendant will not discriminate or retaliate against you in any way because of your decision to participate or not in the lawsuit or this settlement.

**GETTING MORE INFORMATION**

| 21. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? |
|---|

This notice summarizes the basic terms of the proposed settlement. Further information is available by contacting the settlement administrator and/or Class Counsel. *See* Section 5 above.

More details of the settlement are also contained in the Settlement Agreement and the pleadings and other documents relating to the lawsuit that are on file with the U.S. District Court for the Western District of North Carolina and are available at [**WebsiteURL.com**].

Copies of the complete Settlement Agreement and select other filings in the lawsuit are available by contacting Class Counsel or visiting [**WebsiteURL.com**]. Class Counsel's contact information is located in Section 5 above.

| 22. HOW DO I GET MORE INFORMATION? |
|---|

You can call (***) ***-**** toll free; write to *Roldan et al. v. Bland Landscaping, Inc.* Settlement Administrator, c/o [NAME OF SETTLEMENT ADMINISTRATOR] *********, **********, ** *****-**** or visit the website at [**WebsiteURL.com**]. In addition, see Section 5 for Class Counsel's contact information.

**PLEASE DO NOT CALL THE COURT, THE CLERK, OR DEFENDANT OR ITS COUNSEL ABOUT THIS SETTLEMENT**.

If, for any future reference or mailings, you wish to change your name or address, please inform

the settlement administrator of your new address.

You can do so by sending a letter to:
***ROLDAN et al. v. BLAND LANDSCAPING, Inc.*** **Settlement Administrator:**
c/o [Name of Settlement Administrator]
*******************, ** *****-****
**WebsiteURL.com**

# EXHIBIT A-2

## PROPOSED CLAIM FORM

*Roldan et al. v. Bland Landscaping, Inc.,* 3:20-CV-00276-
KDB-DSC - *SETTLEMENT ADMINISTRATOR*
**C/O [NAME OF SETTLEMENT ADMINISTRATOR]**

*****************
***********, ** *****-****

Your Individual Claim Form Number: [Unique Claimant ID Number]
Your Individual Claim Form Passcode: [PASSCODE]

## CLAIM FORM AND CONSENT TO JOIN

In order to receive a payment under the Settlement Agreement, please complete and timely submit this Claim Form to the Settlement Administrator. To be considered timely, this form must be postmarked by no later than [**MAIL DATE + 45**] if returned by U.S. Mail or submitted by [**MAIL DATE + 45**] if submitted via the online portal, using the above Individual Claim Form Number and Passcode.

### SEND COMPLETED CLAIM FORMS BY {DATE} TO:

*Roldan et al. v. Bland Landscaping, Inc. Settlement Administrator* c/o
**Claims Administration**
*********
***********, ** *****-****
Fax: (***) ***-****
Website: [**WEBSITE URL**]

I, hereby opt into this settlement pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and I authorize Class Counsel to represent me in this Settlement.

I fully and completely release Bland Landscaping and its past, present, and future members, parent companies, affiliates, clients, divisions, partners, affiliated organizations, subsidiaries, and predecessors and successors in interest, and their respective past, present, and future officers, directors, shareholders, employees, agents, principals, heirs, assigns, representatives, accountants, auditors, consultants, attorneys, fiduciaries, both individually and in their official capacities, employee benefits plans, and insurers from (i) any and all claims asserted in the Litigation; and (ii) any and all claims for unpaid wages, minimum wages, overtime, or promised wages, damages, or related injunctive relief including but not limited to claims under the FLSA, and claims under North Carolina state law, including but not limited to the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, et seq., and other applicable law, including wage payment claims, and other statutory and common law theories regarding wages, all from February 22, 2017, through [**Date Court Grants Preliminary Approval**].

Further, I wish to participate in the Parties' proposed settlement if approved by the Court.

I understand that I must keep the Settlement Administrator informed of any change in my address. If I do not do so, I understand that I may not receive any settlement payment that I might otherwise be entitled to receive.

_____          _____          _____
Signature                    Date                         Approximate Dates of Employment

[Class Member Name]
[Mailing Address 1]
[Mailing Address 2]
[City, State ZIP]

*Roldan et al. v. Bland Landscaping, Inc.*, 3:20-CV-00276-
KDB-DSC - *SETTLEMENT ADMINISTRATOR*
**C/O [NAME OF SETTLEMENT ADMINISTRATOR]**

***************
***********, ** *****-****

**Use back of form for address updates**
**In order to receive a settlement payment, you must submit a signed claim form by {date}**

---

Name and Address Updates:

*If your name or address is different from what is printed above, please provide updated information below:*

First Name                     MI              Last Name

Mailing Address                                Apt/Unit

City                           State           Zip Code

---

**Submit signed claim form and any address updates to:**

*Roldan et al. v. Bland Landscaping, Inc. Settlement Administrator* c/o
**Claims Administration**
*********
, ********** ** *****-****
Website: [**WEBSITE URL**]